MARGARET JOHNSTON ET AL. *v.* AMERICAN
EMPLOYERS INSURANCE COMPANY ET AL.
(9651)

SPALLONE, NORCOTT and LAVERY, Js.

Argued May 3—decision released June 18, 1991

*Richard A. Roberts,* with whom was *Frederick L. Murolo,* for the appellant (named defendant).

*Mark J. DeAngelis* filed a brief for the appellees (plaintiffs).

LAVERY, J. Pursuant to Practice Book §§ 4147 and 4148, the parties have stipulated that the sole question on this reservation is whether the American Employers Insurance policy number AJ-ZM86638U was in effect on November 16, 1986, thereby allowing the plaintiffs to claim underinsured motorist benefits with respect to injuries and losses suffered as a result of an accident occurring on that date. The answer to this question is no.

The parties have stipulated to the following facts. Shawn Johnston was the named insured on an automobile liability insurance policy number AJ-ZM86638U issued by American Employers Insurance Company. The policy was to be in effect from August 25, 1986, to February 25, 1987, unless cancelled prior to expiration. The policy covered two automobiles, one owned by Shawn Johnston, the other by his wife Margaret, and provided uninsured motorist coverage up to a single limit of $300,000.

As of October 9, 1986, the Johnstons were delinquent in premium payments and the American Employers Insurance Company had sufficient grounds to seek a cancellation of the insurance policy for nonpayment of premium. On that date, the American Employers Insurance Company mailed a cancellation notice by regular mail to Shawn Johnston. The cancellation notice was mailed to 68 Laconia Court, Putnam, the address that appeared on the policy. On October 9, 1986, the Johnstons no longer lived at that address and, although the Johnstons had left a mail forwarding order at a post office, they had not notified American Employers of their change of address prior to that date.

The Johnstons claim that they did not receive the cancellation notice. American Employers did not send the notice of cancellation by certified mail, return receipt requested. American Employers has no evidence that

the Johnstons actually received the notice, but does have a certificate of mailing as proof that the notice was sent.

Sometime on or before November 4, 1986, the Johnstons received a letter from their insurance agent, dated October 30, 1986, advising them of the purported cancellation. On that date, acting with the belief that the American Employers Insurance Company policy had been cancelled, the Johnstons consulted with their insurance agent regarding the purchase of a new automobile policy to cover the same two automobiles that were covered by the American Employers policy. The agent issued a binder of coverage with the Patron's Mutual Insurance Company that day. The binder on this policy indicates that its uninsured motorist coverage was subject to a single limit of $40,000. The limit of this coverage, however, is at issue and the claimants and Patron's Mutual Insurance Company agree that this issue is subject to arbitration.

On November 16, 1986, Shawn and Margaret Johnston were lawful husband and wife residing in the same household at 110 Prospect Street, Putnam. On that date, the Johnstons suffered the injuries and losses for which they claim underinsured motorist coverage.

The purpose of General Statutes § 38a-343 (formerly § 38-175h)[1] is to assure that before an automobile insur-

___

[1] General Statutes § 38a-343 (formerly § 38-175h) provides: "RECEIPT OF CANCELLATION NOTICE. REASON FOR CANCELLATION. (a) No notice of cancellation of policy to which section 38a-342 applies may be effective unless sent, by registered or certified mail or by mail evidence by a certificate of mailing, or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation, provided where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy which has been in effect for less than sixty days may be effective unless mailed or delivered by the insurer at least forty-five days before the effective date of cancellation, provided that at least ten days' notice shall be given where cancellation is for nonpayment of pre-

ance policy is cancelled the insured has a clear and unambiguous notice of the cancellation. See *Travelers Ins. Co.* v. *Hendrickson,* 1 Conn. App. 409, 413, 472 A.2d 356 (1984). In this case, the notice given to the Johnstons was actual notice by their own insurance agent on or before November 4, 1986.

A review of the stipulation of facts reveals that the Johnstons received actual notice of the cancellation of the American Employers insurance policy from their own insurance agent on or before November 4, 1986. On November 4, 1986, twelve days before the accident, the Johnstons, acting and relying on the knowledge that the policy with American Employers was cancelled, secured another auto insurance policy. There can be no clearer indication that the Johnstons knew that their policy had been cancelled and that they must take steps to procure new insurance coverage. The plaintiff's policy with the defendant was not in effect on November 16, 1988. It is therefore unnecessary to decide whether § 38a-343 requires that notice of cancellation be mailed ten days before cancellation or be received ten days before cancellation.

We answer the question on reservation, no.

No costs will be taxed to either party.

In this opinion the other judges concurred.

---

mium or material misrepresentation. The notice of cancellation shall state or be accompanied by a statement specifying the reason for such cancellation.

"(b) This section shall not apply to nonrenewal."