[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On February 14, 1996, the plaintiff, Alvin Sholun, filed a two count complaint against the defendants, Thimble Island Condominium Association, and Frank Massaro, d/b/a Massaro Landscaping. The plaintiff alleges that he suffered personal injuries when he fell on a collection of snow and ice that the defendants negligently failed to remove.
On April 15, 1996, the cross claim plaintiff, Thimble Island Condominium Association (Association), filed a three count cross claim against the cross claim defendant, Frank Massaro, d/b/a Massaro Landscaping (Massaro). Count one of the cross claim is entitled "breach of contract" and alleges that Massaro breached CT Page 6089 his duty to clear ice and snow from the premises of the Association. Count two of the cross claim is entitled "tort indemnification" and alleges that Massaro's negligence caused Sholun to fall and suffer injuries. Count three of the cross claim is entitled "breach of agreement to provide insurance" and alleges that Massaro failed to name the Association as "an additional insured on [Massaro's] general liability insurance policy. [As required by] [p]aragraph 5 of the agreement and paragraph 8 of exhibit A to the agreement." The gravamen of the Association's cross claim is that Massaro, not the Association, is liable to Sholun, if at all.
The record reveals that there is no genuine issue of fact that the Association and Massaro entered into an agreement in November 1996 [the Agreement] whereby Massaro agreed to remove snow and ice from the premises of the Association.[1] Paragraph five of the Agreement states, in its entirety, "[clontractor shall maintain in force throughout the term of this contract liability insurance in the amount of $250,000 per occurrence and $550,000 in the aggregate and naming the Association as co-insured. Contractor shall provide to the Association a certificate evidencing such insurance prior to the commencement of work[.] Also, appropriate certificates evidencing unemployment and worker's compensation shall be provided." Paragraph eight of Exhibit A states that "[c]ontractor must provide a Certificate of Insurance naming the Association as an additional insured as specified in the contract agreement." On April 26, 1996, Massaro filed an answer and two special defenses to the Association's cross claim.
On November 21, 1996, the Association filed a motion for summary judgment on count three of its cross claim together with a supporting memorandum of law and three exhibits. On February 18, 1997, Massaro filed a memorandum in opposition to the Association's motion for summary judgment, supported by one exhibit and the affidavit of Frank Massaro. Thereafter, the Association filed a reply brief and Massaro filed a surreply brief. This motion for summary judgment is presently before the court.
DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v.CT Page 6090Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996); Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [[of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal citations and quotation marks omitted.) Doty v. Mucci,
supra, 238 (Conn. 805-06; see Practice Book § 381. "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-06, 639 A.2d 507 (1994). The Association argues that it is entitled to summary judgment as to count three because the clear and unambiguous language of paragraph five of the Agreement required Massaro to name the Association as a "co-insured" on the liability policy Massaro obtained for his work under the Agreement, and there is no genuine issue that Massaro failed to name the Association as a co-insured. The motion states that the Association "moves for summary judgment on liability, requiring Frank Massaro to indemnify the Association, to pay past attorneys['] fees and costs, and to assume the defense of the Association or pay future attorney[s'] fees and costs."
In opposition to the motion, Massaro raises the following three arguments. One, the Association waived the contractual requirement that Massaro designate the Association as a co-insured. Two, the Agreement is ambiguous as to whether the Association had to be named as a "co-insured" or as an "additional insured." Three, assuming that Massaro as breached the Agreement, the Association is not entitled to indemnification under the terms of the Agreement.
Waiver is the intentional and voluntary relinquishment of a known right and is a question of fact. Majernicek v. HartfordCasualty Insurance Co., 240 Conn. 86, 96, ___ A.2d ___ (1997);Soares v. Max Services, Inc., 42 Conn. App. 147, 175,679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." Stewart v. Tunxis Service Center, 237 Conn. 71, 81-82,676 A.2d 819 (1996).
There is no dispute that paragraph five of the Agreement CT Page 6091 requires that Massaro name the Association as a co-insured on its liability policy. There is also no dispute that Massaro did not name the Association as a co-insured. Massaro argues however, that the Association waived the requirement that Massaro name the Association as a co-insured on his liability policy by not objecting to Massaro's failure to so name the Association after receiving notice of such failure. Massaro avers that the Association received a certificate of insurance indicating that the Association had not been named as a co-insured on Massaro's policy. (Affidavit of Frank Massaro.) Massaro further avers, that the Association never informed Massaro that his liability insurance failed to comport with the Agreement. (Affidavit of Frank Massaro.) Whether the Association has waived the requirement that Massaro name it as a co-insured presents a genuine issue of material fact. Accordingly, the court should deny the Association's motion for summary judgment.
Kevin P. McMahon, Judge