[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This dispute centers around a Real Estate Purchase Agreement for the purchase and sale of a property known as 115 Ridgewood Avenue in the town of North Haven. On May 5, 1995 the plaintiff James R. Crozier III, signed said agreement as purchaser. On May CT Page 1877 8, 1995, the defendant, Carlton Hunt, signed said agreement as seller. The agreement set a closing date of July 21, 1995. The closing did not take place.
On July 31, 1995 the plaintiff brought this action against the defendant.
 II
The plaintiff's Revised Complaint, as amended on September 25, 1997, is in four counts.
Count One alleges fraudulent inducement, in that the defendant failed to disclose the existence of a written Driveway Easement Agreement on the town's land records prior to the plaintiff's making his offer to purchase.
Count Two alleges detrimental reliance on statements made by the defendant regarding the "common driveway" and that such statements, if the court finds that a valid contract exists between the parties, constituted a material breach of said contract by the defendant.
Count Three alleges unjust enrichment in that as a result of defendant's representations the plaintiff expended monies to purchase and install a new oil storage tank or the subject property, to the benefit of the defendant.
Count Four alleges that no contract exists between the parties in that the said offer to purchase, signed by the plaintiff on or about May 5, 1996, stated that seller had one day following buyer's signing to accept said agreement and that defendant did not accept said offer within the time frame contained in the offer.
The defendant filed his Answer, denying any wrongdoing and asserted four special defenses and a counterclaim.
Defendant's special defenses are: defendant alleges that the plaintiff comes to his court with unclean hands; plaintiff's actions ratified said contract despite defendant's signing said offer "2 days later"; plaintiff's actions after defendant accepted said offer act as an estoppel to plaintiff's claims' and that the plaintiff's actions after defendant accepted the said offer act as a waiver to plaintiff's claims. CT Page 1878
The defendant's Counterclaim is in three counts. In the first count, defendant Hunt alleges default on said agreement by plaintiff Crozier. In the second count defendant Hunt alleges that plaintiff had recorded a certain lien against the subject property; that defendant Hunt, by letter dated August 1, 1995, had requested plaintiff, pursuant to General Statutes §49-92e, to remove such lien; and that the document filed does not comport with the requirements of General Statutes § 49-92a. The defendant Hunt seeks damages pursuant to General Statutes § 49-92a. In the third count, defendant Hunt alleges that plaintiff Crozier "fraudulently raised issue with the common driveway agreement in an effort to receive the $15,000,00 deposit funds back yet not be obligated to fully perform".
 III
Based on the evidence and testimony presented the court makes the following findings of fact:
 1. On or about April 25, 1995, the defendant Hunt entered into an agreement with a real estate broker, Charles Bradley, to list the subject property for sale.
 2. On or about May 2, 1995, defendant Hunt and his wife departed for North Carolina by automobile.
 3. On or about May 5, 1995, the plaintiff Crozier visited the subject property in company with Charles Bradley, the listing broker, and William Morgan, the showing realtor.
 4. In the course of said visit Bradley informed Crozier that the subject property shared a common driveway with its neighbor and that a written driveway easement agreement was on file at the town hall.
 5. Following his visit to the subject property on May 5, 1995, plaintiff Crozier made an offer to purchase said property at a price of three hundred twenty five thousand dollars ($325,000.00), signing the said Real Estate Purchase Agreement and submitting a deposit in the amount of one thousand dollars ($1,000.00).
 6. At no time prior to plaintiff's offer to purchase did defendant Hunt discuss with plaintiff the purchase and sale CT Page 1879 of said property.
 7. At no time prior to plaintiff's offer to purchase did defendant Hunt discuss the common driveway with plaintiff Crozier nor make any representations to plaintiff concerning the existence or non-existence of a written driveway easement.
 8. On May 5, 1995, Bradley notified the defendant, then in North Carolina, of plaintiff's offer to purchase the subject property.
 9. On May 5, 1995, defendant faxed a letter from North Carolina to Bradley, stating defendant's acceptance of plaintiff's offer.
 10. On May 7, 1995, defendant and his wife returned to Connecticut from North Carolina.
 11. On May 8, 1995, defendant signed the said Real Estate Purchase Agreement.
 12. Paragraph 23 of said agreement reads: "TIME TO ACCEPT. Seller shall have 1 day following the date on which Buyer signed this agreement, as set forth below, in which to accept this Agreement."
 13. Following defendant's signing of the said agreement, plaintiff Crozier made an additional deposit of fourteen thousand dollars ($14,000.00), which was "due upon acceptance by Seller", per paragraph 5(b) of said agreement.
 14. Following defendant's signing of said agreement, plaintiff applied to People's Bank for a loan to finance the purchase of said property, and received a commitment letter from said bank, all as required by said agreement.
 15. Following defendant's signing of said agreement, plaintiff arranged and paid for inspections of the subject property which took place on May 11, 1995.
 16. Following said inspections plaintiff negotiated and reached agreement with the defendant regarding several issues of concern, including asbestos removal, treatment of the subject property for termites and carpenter ants, and removal and replacement of an in-ground oil storage tank. Such negotiations continued at least until June 1, 1995.
17. Following the defendant's signing of the subject real estate CT Page 1880 purchase agreement, plaintiff arranged for the purchase and installation of a new oil storage tank on the subject property.
 18. On or about June 21, 1995, plaintiff, through his attorney, notified defendant that, "as a result of the driveway easement agreement" plaintiff was "backing out of the deal."
 19. Following defendant's signing of said agreement, the defendant incurred expense in making improvements to said property to meet plaintiff's concerns, listed in paragraph 16, supra, including installation of a new furnace and removal of an in-ground oil storage tank.
 IV
Plaintiff argues that no contract exists between the parties in that defendant failed to accept plaintiff's offer within the time frame contained in the offer. Defendant argues that the plaintiff, by his subsequent conduct, waived the time of acceptance requirement and ratified said agreement.
Waiver is the intentional relinquishment of a known right,Majernicek v. Hartford Casualty Insurance Co., 240 Conn. 86, 96. Waiver may not be express but may consist of acts or conduct from which a waiver may be implied. Waiver may be inferred from circumstances if it is reasonable to do so, Wadia Enterprises,Inc. v. Hirschfield, 224 Conn. 240, 252.
One who acquiesces in a contract for any considerable length of time after opportunity is afforded to amend or avoid such contract has ratified such contract. Young v. Data Switch Corp. ,231 Conn. 95, 103. See Restatement 2d, Contracts, Section 380.
The court finds that a valid and enforceable contract was formed between the parties when the defendant signed the said real estate purchase agreement on May 8, 1995. Immediately following defendant's signing, said contract was voidable at the option of plaintiff due to defendant's late acceptance. However, the court finds that the plaintiff Crozier, by his conduct subsequent to the defendant's signing (outlined in paragraphs 13 through 17 of findings of fact, supra) waived his right to invoke paragraph 23 of said agreement to avoid said agreement and by said conduct ratified said agreement. The court finds that plaintiff Crozier, in refusing to close under the contract, defaulted on said contract, thus activating the provisions of CT Page 1881 paragraph 15 of said real estate purchase agreement.
Plaintiff alleges fraud in the inducement in that defendant misrepresented the existence of a written common driveway easement prior to plaintiff's signing of the real estate purchase agreement. Since the court has concluded that no such misrepresentation took place, plaintiff's claim must fail. Similarly, plaintiff's claim of detrimental reliance on statements made by the defendant concerning the common driveway also fails, lacking factual support.
Defendant alleges fraud on the part of plaintiff in that plaintiff fraudulently raised issue with the common driveway agreement in an effort to receive his deposit funds back and not be required to perform under the contract. Defendant has failed to establish this claim by the requisite standard of proof.
The plaintiff alleges that defendant was unjustly enriched by plaintiff's installation of a new storage tank on defendant's property. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another, Hartford Whalers Hockey Club v. Universal Goodrich TireCo., 231 Conn. 276, 282. Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendant was benefited, (2) that the defendant unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the plaintiff's detriment, Hartford Whalers Hockey Club, supra, at 283. The measure of damages ordinarily is not the loss to the plaintiffs but the benefit to the defendant, Hartford WhalersHockey Club, supra, at 285.
Here, the plaintiff chose to install a new oil storage tank on defendant's property for plaintiff's anticipated use. Defendant did not want or need such a tank, but acquiesced and incurred expenses to remove an existing in-ground oil storage tank to satisfy plaintiff's concerns. The plaintiff has failed to establish by a fair preponderance of the evidence that defendant has benefited, nor that defendant unjustly failed to pay for benefits. Nor did plaintiff offer any evidence to measure any alleged benefit to the defendant.
In his brief, defendant seeks to extend his claim of unjust enrichment to the possible retention by the defendant of CT Page 1882 plaintiff's deposit. Since the disposition of said deposit will be governed by the provisions of the contract between the parties the doctrine of unjust enrichment has no application with reference to said deposit.
 V
The court finds that the plaintiff, James R. Crozier III, has failed to establish, by the requisite standard of proof, the claim of fraudulent inducement made in Count One; and has failed to establish, by a fair preponderance of the evidence, the claims made in Counts Two, Three and Four. Judgment may enter, accordingly, for the defendant, Carlton C. Hunt.
As to defendant's Counterclaims the court finds that defendant, plaintiff on the counterclaims, Carlton Hunt, has established by a fair preponderance of the evidence, that there is a valid and enforceable contract between the parties, and that plaintiff, defendant on the Counterclaims, James Crozier, defaulted on said contract. Judgment, accordingly, may enter, on Count One of the Counterclaims, for the defendant, plaintiff on the Counterclaims, Carlton C. Hunt. Count Two of the Counterclaims is dismissed. Judgment may enter in favor of James Crozier on Count Three of the Counterclaims.
Accordingly, the court orders in accordance with paragraph 15 of the said contract that the deposit monies held in escrow and accrued interest if any, be released to defendant Carlton Hunt. Defendant Carlton Hunt is awarded costs and reasonable attorney's fees. Plaintiff James R. Crozier is directed promptly to remove from the land records of the town of North Haven, any lien on the subject property which may have been filed by him in the course of this dispute.
By the Court John T. Downey, Judge