[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 119)
In enacting § 38a-343(a), the legislature appears to have intended to eliminate the potentially harsh consequences to an insured of driving without knowing that his or her policy was inoperative. Thus, the requirement that an insurer provide an insured with notice of its decision to cancel an automobile insurance policy was a legislative effort that focused on affording an insured an adequate opportunity to procure other insurance. Majernicek v. Hartford Casualty Ins. Co.,240 Conn. 86, 93, ___ A.2d ___ (1997). When written notice of cancellation is required, an insurer must comply strictly with policy provisions and statutory mandates. Id., 95; see also TravelersIns. Co. v. Hendrickson, 1 Conn. App. 409, 412-13, 472 A.2d 356
(1984) (same).
The defendant has not provided proof that it complied with the mandates of § 38a-343(a). The certificate of mailing offered in support of the motion for summary judgment is not signed by a United States Postal Service employee, which would have provided the independent proof intended by § 38a-343(a) that the defendant did mail the notice of cancellation to the plaintiffs, or that the plaintiffs did receive notice of cancellation. Moreover, in light of the plaintiff Ruiz's statement in her affidavit that she did not receive notice of cancellation, the court is unable to find that the plaintiffs had CT Page 3953 actual notice of cancellation. See Johnston v. American EmployersIns. Co., 25 Conn. App. 95, 97-98, 592 A.2d 975 (1991). Such is a material question of fact for the factfinder. Therefore, the defendant's motion for summary judgment dated September 19, 1996 is hereby denied.
MELVILLE, J.