[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES OF YAWORSKI DEFENDANTS (#124)
This is an action by the plaintiff Commissioner of the Department of Environmental Protection (commissioner or plaintiff) to enforce violations of certain permits and consent orders relating to the construction and operation of landfills and disposal of solid waste. The defendants are Yaworski, Inc., Rose Yaworski, individually and as Executrix of the Estate of James Yaworski, Sr., James Yaworski, II, Dennis Yaworski, Quinebaug Valley Regional Resources, L.L.C., and Haul of Fame, Inc., (defendants) one or more of whom are permit holders and operators of the landfills involved.
The defendants filed special defenses to the plaintiff's complaint as follows:
Selective prosecution or enforcement as to counts one through seven, inclusive; and estoppel, laches and waiver as to counts two through four, inclusive, and nine, ten and twelve.
For the reasons that follow, the plaintiff's motion to strike is granted in its entirety as to the special defenses of selective prosecution or enforcement, estoppel and laches; and in part as to waiver (counts two and three) and denied as to waiver with respect to counts four, nine, ten and twelve.
 Discussion
It is well settled that a plaintiff can move to strike a CT Page 5614 special defense to test its legal sufficiency. See Girard v.Weiss, 43 Conn. App. 397, 417, 682 A.2d 1078, cert. denied,239 Conn. 946, 686 A.2d 121 (1996). In ruling on a motion to strike, a trial court must recognize its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. See Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1994).
With these principles in mind I now turn to the consideration of each of the special defenses filed by the defendants.
I Selective Prosecution
The defendants have asserted selective prosecution or enforcement as a special defense to the first through seventh counts of the first revised complaint, dated April 27, 1998. A claim of selective prosecution or enforcement must contain two components: "`(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" (Emphasis omitted.) Schnabel v. Tyler, 230 Conn. 735,762, 646 A.2d 152 (1994), quoting Leclair v. Saunders,627 F.2d 606, 609-10 (2d Cir. 1980) see also State v. Delossantos,211 Conn. 258, 288, 559 A.2d 164 (1989). Although the defendants allege that the plaintiff has not prosecuted "other, similarly situated persons," the defendants fail to allege that the claimed selective enforcement by the plaintiff was based on impermissible considerations. Hence the special defense of selective prosecution is insufficient as a matter of law.
II Estoppel
The defendants pleaded the special defense of estoppel to counts two through four, and nine, ten and twelve of the complaint. "Estoppel generally may not be invoked against the government or a public agency functioning in its governmental capacity." Langan v. Weeks, 37 Conn. App. 105, 124, 655 A.2d 771
(1995). "Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change CT Page 5615 its position in reliance on those facts, thereby incurring some injury. . . . In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." (Citations omitted; internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246, 268-69, 690 A.2d 368
(1997). In their special defenses, the defendants failed to allege that their actions were induced by an agent of the plaintiff having authority to do so. Thus, the special defense of estoppel fails.
III Laches
The defendants pleaded the special defense of laches in response to counts two through four, and nine, ten and twelve of the complaint. "The defense [of laches] is comprised of two elements: (1) a delay that was unexcusable, and (2) a delay that prejudiced the defendant." Castonguay v. Plourde,46 Conn. App. 251, 265, 699 A.2d 226, cert. denied, 245 Conn. 301, 715 A.2d 1
(1997). Contrary to the defendants' position, "the doctrine of laches may not be invoked against a governmental agency." Joyellv. Commissioner of Education, 45 Conn. App. 476, 486,696 A.2d 1039, cert. denied, 243 Conn. 910, 701 A.2d 330 (1997). Thus, the special defense of laches also fails.
IV Waiver
The defendants asserted waiver as a special defense to counts two through four, and nine, ten, and twelve of the complaint. "Waiver is the intentional relinquishment of a known right."Majernicek v. Hartford Casualty Ins. Co., 240 Conn. 86, 96,688 A.2d 1330 (1997). "A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 777, 653 A.2d 122 (1995). In determining whether there has been a waiver, the court may look to conduct of the plaintiff that demonstrates knowledge of the right and the intent to relinquish it. See Dichello v. HolgrathCorp. , 49 Conn. App. 339, 350, 715 A.2d 765 (1998).
The defendants' special defenses of waiver can be grouped CT Page 5616 into two categories, those that allege an affirmative act or acts by the plaintiff and those that allege inaction. In response to counts two and three of the complaint the defendants merely allege that the plaintiff waived the right to prosecute the permit violation when he did not "pursue any putative rights or remedies prior to defendant's grading, covering and vegetation" of the landfill in question although he had knowledge of the violation. It is evident that this allegation of the plaintiff's passivity or inaction does not adequately support the plaintiff's "intentional relinquishment of a known right." Majernicek v.Hartford Casualty Ins. Co., supra, 240 Conn. 96.
The defendants do, however, include allegations of the affirmative actions of the plaintiff in their special defense of waiver to the fourth, ninth, tenth, and twelfth counts of the complaint. See Dichello v. Holgrath Corp. , supra,49 Conn. App. 350. The special defense to the fourth and twelfth counts alleges that the plaintiff refused, "notwithstanding repeated requests over a protracted period of time, to authorize the closure of the Site One Landfill. . . ." In response to counts nine and ten, the defendants further allege that the "plaintiff has relinquished its right to prosecute . . . by consistently encouraging defendants to operate the McGill Enclosed Flare System since at least May 13, 1994, notwithstanding the alleged absence of a permit." I conclude that these allegations sufficiently show "both knowledge of the existence of the right and the intent to relinquish it on the part of the plaintiff, and therefore are adequate to maintain the defense of waiver." Heyman AssociatesNo. 1 v. Insurance Co. of Pennsylvania, supra, 231 Conn. 756.
 Conclusion
For the reasons stated, the motion to strike is granted as to the special defenses of selective prosecution or enforcement, estoppel and laches with respect to all applicable counts, and also granted as to the special defense of waiver with respect to counts two and three. The motion to strike is denied as to the special defense of waiver with respect to counts four, nine, ten and twelve.
Teller, J.