[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs allege breach of contract by the defendant, the Allstate Insurance Company, Inc. ("Allstate"), by reason of its refusal to pay a claim for collision coverage made by the plaintiff, Mark Iuteri, pursuant to an automobile insurance policy. Allstate contends that the policy at issue had been canceled for non-payment of the premium prior to the date of the accident giving rise to the claim.
The plaintiffs' complaint was filed on February 22, 1994. The plaintiffs' second amended complaint was filed on December 26, 1997. A trial was had on July 15, 1998, at the outset of which the plaintiffs withdrew their first, second and third counts and elected to proceed on the fourth count only and as against Allstate only. Post-trial memoranda were filed by the parties, and the plaintiffs subsequently requested the opportunity for additional oral argument. Oral argument was had on March 23, 1999.
 II
At the outset of trial the parties stipulated to the following facts:
1. The defendant, Allstate, through its agent, Jeffrey Tirozzi, issued an automobile insurance policy.
2. Said policy was numbered 084477531 07/03 and was dated July 3, 1992. It had a six-month term which ended on January 3, 1993.
3. The original named insureds on said policy were Mark Iuteri and Frances Iuteri. CT Page 8918
4. The plaintiff, Rodney Iuteri, was added to said policy in October of 1992.
5. Said policy included, inter alia, collision coverage with a $500.00 deductible.
6. On December 24, 1992, the plaintiff, Rodney Iuteri, was involved in an automobile accident and sustained property damage in the amount of $9,250.00.
7. On February 8, 1993, the plaintiffs made a claim against said policy for collision coverage, which claim was denied by the defendant.
8. As a result of the denial of the defendant, the plaintiff, Rodney Iuteri, incurred $40.00 for towing expenses, without the defendant admitting that the plaintiff is entitled to this.
9. As a further result of the denial, the plaintiff, Rodney Iuteri, was unable to fix the car for 335 days and therefore lost the use of said vehicle for said period.
10. It is agreed that there are eleven months loss of use and that the agreed value of that is $300.00 per month, without the defendant acknowledging the plaintiff is entitled to this period for loss of use.
11. Said vehicle was fixed at a cost of $9,250.00.
 III
Certain additional facts are helpful in understanding the positions of the parties. The policy at issue was first issued on or about July 3, 1991, providing coverage for a certain Mercedes motor vehicle owned by Mark Iuteri. The named insureds were Mark Iuteri and his mother, Frances Iuteri. The insureds' address, as recorded on the policy, was P.O. Box 9721, Brewery Street, New Haven, Connecticut, 06515. The policy covered a period of six months and was renewed on January 3, 1992 for an additional six months. In May, 1992 Mark Iuteri arranged to have the policy amended to extend coverage to a second vehicle, a 1991 Ford Mustang. This was done and the policy was renewed on July 3, 1992 covering the two vehicles until January, 1993. In October, 1992, Jeffrey Tirozzi, the Allstate agent who had written the policy learned CT Page 8919 that the Mustang was owned by Rodney Tirozzi, a son of Mark Iuteri and that the Mustang was registered to Rodney. On or about October 7, 1992, Tirozzi prepared an amendment to the policy (Exhibit 1), adding Rodney as the primary driver of the Mustang. and forwarded the amendment to Allstate's underwriting department for review and approval. By letter dated October 16, 1992, Allstate notified Mark and Frances Iuteri, at the address shown on the policy, of its intent not to renew the subject policy in January, 1993.
On November 24, 1992, Allstate generated a cancellation notice addressed to Mark and Frances Iuteri at the address shown on the policy, stating that the policy was canceled for non-payment of premium, effective December 8, 1992. On or about December 24, 1992 the Mustang was involved in a collision. The plaintiffs subsequently made a claim against the subject policy for damages incurred as a result of the said collision, which claim was rejected by the defendant on the ground that the policy had been canceled prior to the said collision.
 IV
The plaintiffs claim breach of contract by reason of the defendant's failure to comply with the notice provisions of General Statutes, Sections 38a-343 and 38a-344.
Section 38a-343 provides, in pertinent part, "No notice of cancellation of policy to which section 38a-342 [Bases for cancellation] applies may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured at least forty five days before the effective date of cancellation, except that . . . (2) where cancellation is for payment of any other premium, at least ten days' notice of cancellation accompanied by the reasons therefor shall be given."
It is axiomatic that strict compliance by an insurer with statutory mandates and policy provisions concerning notice is essential to effect a policy cancellation, Majernicek v. HartfordCasualty Insurance Company, 240 Conn. 86, 95. The purpose of General Statutes, Section 38a-343 is to assure that before an automobile insurance policy is canceled the insured has a clear and unambiguous notice of the cancellation, Id., at 93.
The plaintiffs claim that Section 38a-343 (a) requires of an CT Page 8920 insurer an election of the means by which it will effect notice: ". . . sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured . . ."; that the defendant here elected to effect notice by certified mail; that having elected that means of notice defendant was "forever bound by that choice"; that the defendant impermissibly sought to establish proper notice by offering proof regarding a certificate of mailing, a "less restrictive means of compliance"; that the defendant failed to produce a return receipt for the certified mailing and thus did not comply with the statutory requirements. The court is not persuaded.
The statute cited by the plaintiffs, Section 38a-344, specifies what is required of an insurer to establish proof of notice: "Proof of mailing by certified mail, return receipt requested," notice of cancellation to the named insured at the address shown in the policy. It is proof of mailing, not proof of receipt by the insured, that is sufficient. Nowhere does the statute require an insurer to produce a signed return receipt to establish sufficient proof of notice, nor have the plaintiffs cited case law which supports this proposition. Michael Dell'Aquila, operations division manager of Allstate, serving as keeper of records and in charge of the mail room in 1992, testified at trial. His testimony, buttressed by Exhibits #4 and #5, persuades the court that the defendant complied with the notice requirements of Section, 38a-343 and 38a-344.
In Dell'Aquilla's testimony established that the notice of cancellation was sent by certified mail:
. . . Was it regular mail?
A It was certified.
Q How do you know?
 A Because the postal service requires us to issue certified numbers per item.
 . . . Q How — Where on that document do you see the certified number that you just described?
 A After Mark and Frances Iuteri, the name Iuteri, there is a number 00702432.
CT Page 8921
Q What does that number mean?
 A That only that item can have that certified number. It's required by the U.S. government.
The plaintiffs, in effect, seek to impose on the defendant a standard of proof "beyond all possible doubt." The standard applicable to this action is "by a fair preponderance of the evidence" and the burden is on the plaintiffs. The court finds that the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendants failed to Comply with the notice provisions of General Statutes, Section38a-343 or Section 38a-344. The court finds that the policy at issue had been canceled effective December 8, 1992, prior to the collision of December 24, 1992 and there was no breach of contract by the defendant by its rejection of any claim made by the plaintiffs against the said policy relating to said collision.
Accordingly, judgment may enter as against the plaintiffs, Mark Iuteri and Frances Iuteri, and in favor of the defendant, the Allstate Insurance Company, Inc.
By the Court,
Downey, J.