### BERTHA KANE *v.* AMERICAN INSURANCE COMPANY
### (AC 18210)

Foti, Schaller and Sullivan, Js.

Submitted on briefs January 28—officially released March 30, 1999

*Kevin P. Thornton* filed a brief for the appellant (plaintiff).

*Royce L. Vehslage* and *Jack V. Genovese II* filed a brief for the appellee (defendant).

*Opinion*

FOTI, J. At the joint request of the parties, the trial court granted a motion for reservation, pursuant to Practice Book § 73-1,[1] to have this court resolve a question concerning the legal effect of General Statutes § 38a-341 (2).[2]

---

[1] Practice Book § 73-1 provides in relevant part: "(a) Any reservation shall be taken . . . to the appellate court from those cases in which an appeal could have been taken directly . . . to the appellate court . . . had judgment been rendered . . . .

"(b) All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

\* \* \*

"(e) The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

[2] General Statutes § 38a-341 provides in relevant part: "Cancellation of motor vehicle liability policy: Definitions. As used in sections 38a-341 to 38a-346, inclusive . . . (2) 'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of the policy beyond its policy period or term. Any policy with a policy period or term of less than six months shall, for the purpose of sections 38a-341 to 38a-346, inclusive, be considered as if written for a policy period or term of six months and any policy written for a term longer than one year or any policy with no fixed expiration date, shall for the purpose of said sections, be considered as if written for successive policy periods or terms of one year. Such a policy may be terminated at the expiration of any annual period upon giving thirty days' notice of cancellation prior to the anniversary date, and such cancellation shall not be subject to any other provisions of said sections . . . ."

The following facts are relevant to the resolution of this appeal.[3] The plaintiff, Bertha Kane, sustained serious injuries in an accident on October 13, 1995. Kane alleges that the accident was caused by a hit-and-run vehicle, although the defendant, American Insurance Company, contends that the accident arose from a slip and fall.

Kane had been insured by the defendant, which had issued to her a series of six month insurance policies. Sometime within forty-five days of July 8, 1995, the expiration date of one of those policies, the defendant sent a letter to Kane, along with personal automobile policy summary and declaration sheets and a policy premium billing statement. Kane did not pay the premium by the July 8, 1995 due date, or at any time thereafter. Subsequently, the defendant sent Kane, by regular mail, a final lapse notice on or about July 24, 1995. At no time did the defendant mail Kane a cancellation notice pursuant to General Statutes (Rev. to 1995) § 38a-343.[4]

Kane alleges that pursuant to General Statutes §§ 38a-340 and 38a-341 (2), the mailing of the automobile renewal policy by the defendant constituted the issu-

---

[3] These facts are taken exclusively from the plaintiff's brief. The defendant, in its brief, did not "dispute or add to the statement of facts submitted by the plaintiff."

[4] General Statutes (Rev. to 1995) § 38a-343 (a) provides: "No notice of cancellation of policy to which section 38a-342 applies may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation, provided where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy which has been in effect for less than sixty days may be effective unless mailed or delivered by the insurer at least forty-five days before the effective date of cancellation, provided that at least ten days' notice shall be given where cancellation is for nonpayment of premium or material misrepresentation. The notice of cancellation shall state or be accompanied by a statement specifying the reason for such cancellation."

ance of a six month renewal policy requiring the defendant to issue a cancellation notice in accordance with the requirements of § 38a-343. The defendant contends that the mailing of the automobile renewal policy did not constitute the issuance of a new six month policy. Instead, the defendant argues that this "packet of documentation" amounted to an offer by the defendant to Kane for automobile insurance. The defendant argues, therefore, that this is simply a case of the nonrenewal of an insurance policy that had expired and, consequently, the cancellation provisions of § 38a-343 do not apply.

The parties agree that, should this court decide that the defendant was required to send Kane a notice of cancellation in accordance with § 38a-343 before terminating her policy, then the policy would have been in effect on October 13, 1995, the date of Kane's accident. The parties further agree that should this court decide that a policy was in effect at the time of Kane's accident, they will submit this case to arbitration on the issue of the mechanism of the accident and the extent of Kane's injuries. The parties maintain, therefore, that the determination of the legal effect of § 38a-341 (2) by this court would be in the interest of judicial economy and would simplify the proceedings.

The question reserved to this court is: "Did §§ 38a-340 and 38a-341 (2) require the defendant, American Insurance Company, to issue a cancellation notice in accordance with the provisions of § 38a-343 before terminating the plaintiff, Bertha Kane's, automobile insurance coverage?" Our answer to the reserved question is No.

"General Statutes §§ 38a-341 through 38a-344 govern the procedures for the cancellation of an automobile insurance policy by an insurer. Under § 38a-342, an insurer can choose to cancel a policy due to the

insured's failure to pay the premium, or because of the revocation of the insured's driver's license or motor vehicle registration or that belonging to any operator living with the insured. Section 38a-343 (a) provides that '[n]o notice of cancellation of policy to which section 38a-342 applies may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation, provided where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefor shall be given.' " *Majernicek* v. *Hartford Casualty Ins. Co.*, 240 Conn. 86, 92–93, 688 A.2d 1330 (1997). Prior to determining whether a written notice of cancellation was required pursuant to § 38a-343, we must determine whether, under the facts as stipulated and the exhibits as furnished, there was a renewal of the contract of insurance.

A policy of insurance is a contract between the parties; a renewal of the original policy is a separate and distinct contract providing coverage for a specific term or period. See *Stenson* v. *Northland Ins. Co.*, 42 Conn. App. 177, 185, 678 A.2d 1000 (1996). In this case, the contract between the parties, i.e., the underlying policy of insurance, expired on July 8, 1995. Prior to that expiration date, the defendant sent Kane a letter, along with a personal automobile policy summary, declaration sheets and a policy premium billing statement. We have examined those exhibits and conclude that, absent an automatic renewal clause in the contract of insurance, what Kane received from the defendant was an offer to renew the contract of insurance, which was to be automatically terminated on July 8, 1995, unless Kane paid the required premium.

The premium statement, in a separate paragraph and in capital letters, set forth the following: "IMPORTANT

NOTICE: THE MINIMUM PREMIUM SHOWN MUST BE RECEIVED IN OUR OFFICE BY THE DUE DATE. IF YOUR PREMIUM IS NOT RECEIVED BY THAT DATE, COVERAGE UNDER YOUR POLICY SHALL AUTO-MATICALLY TERMINATE ON THE RENEWAL DATE WITHOUT FURTHER NOTICE." This offer to enter into a renewal of the contract of insurance was not accepted by Kane, acceptance being conditioned on payment of the premium on or before July 8, 1995. Thereafter, the defendant informed Kane by a final lapse notice, again in capital letters: "IMPORTANT NOTICE: AS STATED IN YOUR PREVIOUS BILLING NOTICE, COVERAGE UNDER YOUR POLICY TERMINATED ON THE RENEWAL DATE FOR NONPAYMENT OF PREMIUM. IF PAYMENT IS RECEIVED IN OUR OFFICE BY THE DATE SHOWN, YOUR COVERAGE WILL BE REIN-STATED." The due date for the premium payment that would have reinstated Kane's policy was July 24, 1995.

The purpose of § 38a-343 "is to assure that before an automobile insurance policy is cancelled the insured has a clear and unambiguous notice of the cancella-tion." *Johnston* v. *American Employers Ins. Co.*, 25 Conn. App. 95, 97–98, 592 A.2d 975 (1991). Kane relies on *Travelers Ins. Co.* v. *Hendrickson*, 1 Conn. App. 409, 472 A.2d 356 (1984), to argue that under this set of facts, the correspondence that she received from the defendant operated as a renewal of her insurance policy that could not be canceled without following the appli-cable cancellation requirements of § 38a-343. Under the particular facts in *Travelers Ins. Co.* v. *Hendrickson*, supra, 410, however, a partial payment was accepted by the insurer and credited toward the total premium due. There, the court indicated that "the [insurer] sent a premium notice to the [insured] which indicated that the [insured's partial] payment would be applied as a credit to the total premium due. This notice was of special importance because it could have reasonably

led the [insured] to believe that the policy was in effect as of that date." Id., 413.

In the present case, no such situation exists. Kane never sent the defendant a payment, partial or otherwise. Therefore, since Kane's contract of insurance terminated on July 8, 1995, and since she did not accept the defendant's offer of renewal by paying the premium, the defendant was not required to cancel the policy. In other words, because no renewal was in effect, no written notice of cancellation was required.

To the reserved question—"Did §§ 38a-340 and 38a-341 (2) require the defendant, American Insurance Company, to issue a cancellation notice in accordance with the provisions of § 38a-343 before terminating the plaintiff, Bertha Kane's, automobile insurance coverage?"— our answer is No.

In this opinion the other judges concurred.

No costs will be taxed to either party.