STATE OF CONNECTICUT *v.* GILBERTO RIVERA
(AC 16650)

Spear, Hennessy and Stoughton, Js.

Argued November 6, 1998—officially released April 6, 1999

*Melvin A. Simon*, special public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Anne Mahoney*, assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Gilberto Rivera, appeals from judgments of conviction, rendered after a jury trial, on four counts of robbery in the first degree in violation of General Statutes § 53a-134[1] and three

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that

counts of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48[2] and 53a-134. The defendant claims that the trial court (1) improperly denied his motion to suppress his confessions to the four robberies and (2) abused its discretion in consolidating the four cases for trial. We affirm the judgments of the trial court.

The jury reasonably could have found the following facts. On October 21, 1995, two men robbed a Dairy Mart in Bristol, taking $600. Both men wore hooded sweatshirts and had their faces covered, and one of them had a gun. The two men ran around the side of the store and, shortly thereafter, a car was driven from behind the store. The same Dairy Mart was robbed again on November 8, 1995, and more than $350 was taken. That robbery was committed by a lone gunman whose face was covered with a white cloth.

On November 10, 1995, two hooded men robbed a liquor store in Bristol, taking $296. Each of the men had a shirt wrapped around his face. One of the men was armed. After the robbery, the two men ran out of the store and entered a waiting car driven by another person. A witness identified the car and the police determined that the defendant had borrowed the car from its owner.

On November 11, 1995, two men robbed a Cumberland Farms in Bristol. Each man was armed and had covered his face with white cloth. They took approximately $133 and fled in an automobile. After the robbery, the defendant, who had borrowed a car, returned

---

in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. . . ."

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

the car to its owner and told her that he had used it in the robbery and warned her not to use it right away. The defendant was arrested on November 14, 1995, and, after his arrest, confessed to each of the four robberies.

Prior to trial, the defendant moved to suppress his confessions given to the Bristol police. The trial court reserved decision on the motion until the confessions were offered at trial. The defendant's motion was subsequently denied and the defendant was found guilty. This appeal ensued.

I

The defendant first claims that the trial court improperly denied his motion to suppress his confessions. Specifically, the defendant claims that (1) the trial court improperly deferred a hearing on the motion until trial, (2) a scrupulous examination of the record does not support a finding that his waiver of both his right to counsel and to remain silent was made knowingly, voluntarily and intelligently and (3) he was high on heroin when he was arrested and, therefore, could not validly waive his rights. We address each claim in turn.

A

The defendant claims that the trial court improperly deferred a hearing on the motion to suppress his confessions until trial. Practice Book § 41-7,[3] formerly § 813, expressly permits the trial judge to defer ruling on a motion made before trial until during the trial of the general issue. See *State* v. *Johnson*, 22 Conn. App. 477, 481, 578 A.2d 1085, cert. denied, 216 Conn. 817, 580 A.2d 63 (1990).

---

[3] Practice Book § 41-7 provides in relevant part: "A motion made before trial shall be determined prior to trial, unless the judicial authority orders that the ruling be deferred until during the trial of the general issue or until after the verdict. . . ."

The defendant cites *Jackson* v. *Denno*, 378 U.S. 368, 391, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), and *State* v. *Oliver*, 160 Conn. 85, 95, 273 A.2d 867 (1970), cert. denied, 402 U.S. 946, 91 S. Ct. 1637, 29 L. Ed. 2d 115 (1971), for the proposition that a criminal defendant is entitled, as a matter of due process, to a reliable, clear-cut determination, prior to trial, that a confession sought to be introduced by the state was voluntary. Neither *Jackson* nor *Oliver* hold that such determinations must occur prior to trial. Indeed, neither case contains the phrase "prior to trial." The phrase "prior to trial" appears to have been taken from *State* v. *James*, 237 Conn. 390, 410, 678 A.2d 1338 (1996), which cites *Jackson* v. *Denno*, supra, 391, as authority, and was quoted in *State* v. *Correa*, 241 Conn. 322, 328, 696 A.2d 944 (1997).

The issue in both *James* and *Correa* was the voluntariness of a confession and not the timing of the hearing on a motion to suppress. *State* v. *Correa*, supra, 241 Conn. 327; *State* v. *James*, supra, 237 Conn. 410. Although *James* does state that a criminal defendant is entitled, as a matter of due process, to a reliable, clear-cut determination prior to trial that the confession sought to be introduced by the state was made voluntarily; *State* v. *James*, supra, 410; see *State* v. *Correa*, supra, 328; that language is obiter dicta because the timing of the hearing was not an issue. The defendant cites no authority, and our research has discovered none, that holds that a hearing and decision on a motion to suppress must occur prior to trial. As previously stated, hearings concerning motions to suppress have frequently been deferred until the trial. See, e.g., *State* v. *Johnson*, supra, 22 Conn. App. 481.

The defendant contends that by failing to provide its ruling prior to trial, the trial court deprived him of the opportunity to assess intelligently his options and strategies. He does not, however, suggest what any of

those options and strategies might have been. The trial court noted that defense counsel cited no authority to support the proposition that a pretrial determination, concerning the confessions, was mandatory. Additionally, the defendant represented to the trial court that granting his motion would not be dispositive of the case, and that there would be few witnesses to be heard during the motion hearing and that those witnesses would also be called during the prosecution's case-in-chief. The trial court told defense counsel that if the deferred ruling altered defense strategy in questioning witnesses presented prior to the ruling, the witnesses could be recalled. No witnesses were recalled by the defense. Moreover, the defendant has been unable to demonstrate that he was harmed by the deferral of the hearing.

Under our rules of practice, the defendant is entitled to a preliminary determination of the *voluntariness* of a confession by the trial judge before the confession may be offered to the jury. *State* v. *Oliver*, supra, 160 Conn. 93–95. Due process does not require that the *suppression* hearing be held prior to trial. The defendant's claim is without merit.

B

The defendant next claims that a scrupulous examination of the record does not support a finding that his waiver of both his right to counsel and his right to remain silent was made knowingly, voluntarily and intelligently. We disagree.

The state must establish "by a preponderance of the evidence that the defendant voluntarily, knowingly and intelligently waived his *Miranda* rights. . . . Although the issue is . . . ultimately factual, our usual deference to fact-finding by the trial court is qualified, on questions of this nature, by the necessity for a scrupulous examination of the record to ascertain whether such a factual

finding is supported by substantial evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Stanley*, 223 Conn. 674, 686, 613 A.2d 788 (1992). After reviewing the record, we conclude that the state has met its burden of proof.

On the night of his arrest, the defendant was taken to the Bristol police station and, before being interviewed, was advised of his *Miranda* rights by Detective Kevin Hayes, who read them from a form in both Spanish and English, which the defendant subsequently signed. Thereafter, Hayes again advised the defendant of his *Miranda* rights, reading them from a police department form, and had the defendant initial a box beside each right as it was read to him. The defendant appeared to be reading the form as it was read to him because he moved his head from left to right. The following morning, Detective Ray Bredefeld reviewed the *Miranda* rights and the defendant's waiver of those rights with the defendant, line by line, and obtained a signed and notarized statement from him. Immediately after obtaining the written statement, Detective Edward Spyros spoke with the defendant and obtained another signed and notarized statement from him.

The defendant asserts, as he did in the trial court, that his native language is Spanish, he was born in Puerto Rico and he spent five years in a Spanish language school and only one and one-half years in bilingual education in New York. The defendant claims that his understanding of English is insufficient to enable him to understand his rights. The trial court observed that the defendant testified in English on direct and cross-examination. There was also evidence that he had completed a job application and a written test in English. In addition, a witness testified that the defendant read aloud, in English, a newspaper account of the robberies.

The trial court, in reaching its decision, credited the testimony of the police officers and did not credit the testimony of the defendant that he could not read or understand the *Miranda* warnings, which were furnished to him in English, or the written waiver, which he signed. We conclude from our review of the record that the state has met its burden of proof and established that the waiver was made knowingly, voluntarily and intelligently.

## C

The defendant next claims that he was high on heroin when he was arrested and, therefore, could not validly have waived his rights. We disagree.

" 'To be valid, a waiver must be voluntary, knowing and intelligent. *Miranda* v. *Arizona*, 384 U.S. 436, 475, 478, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) . . . .' " (Citations omitted.) *State* v. *Stanley*, supra, 223 Conn. 686. As stated in part I B, the state bears the burden of proof on this issue and we must scrupulously examine the record to ascertain whether the factual finding made by the trial court is supported by substantial evidence. *State* v. *DaEria*, 51 Conn. App. 149, 165–66, 721 A.2d 539 (1998).

The defendant's claim rests on information contained in an intake screening report that the defendant had used heroin. Yet, in that same report, the defendant denied having used drugs in the previous two week period. Furthermore, the three police officers, who interacted with the defendant during the twelve hour period following his arrest, each testified that the defendant did not appear to exhibit any signs of being intoxicated or under the influence of drugs.

The trial court found that the testimony of the police officers was credible and that the defendant was not under the influence of liquor or drugs. Rather, the trial

court found the defendant to have been fully attentive, coherent, loquacious and willing and eager to speak at the time in question. The trial court also found no indication of coercion and determined that the defendant was advised of his *Miranda* rights, understood them and knowingly, intelligently and voluntarily waived them. We have scrupulously examined the record and we conclude that these factual findings by the trial court are supported by substantial evidence.

## II

The defendant finally claims that the trial court abused its discretion in consolidating the four cases for trial[4] because substantial injustice resulted. We disagree.

In determining whether cases should have been consolidated for trial, three factors should be considered: "(1) whether the charges involve discrete, easily distinguished factual scenarios, (2) how long and complex the trial was, and (3) whether one or more of the counts alleges brutal or shocking conduct by the accused. *State* v. *Chance*, 236 Conn. 31, 42, 671 A.2d 323 (1996) . . . ." (Citations omitted.) *State* v. *Stevenson*, 43 Conn. App. 680, 686, 686 A.2d 500 (1996), cert. denied, 240 Conn. 920, 692 A.2d 817 (1997). There is a clear presumption in favor of joinder of charges in Connecticut; *State* v. *Chance*, supra, 38; and a trial court, pursuant to Practice Book § 41-19,[5] formerly § 829, and General Statutes § 54-57,[6] may order a joint trial for a defendant facing charges

[4] Procedurally, the trial court denied the defendant's pretrial motion for severance and granted the state's oral motion for consolidation.

[5] Practice Book § 41-19 provides: "The judicial authority may, upon its own motion or the motion of any party, order that two or more informations, whether against the same defendant or different defendants, be tried together."

[6] General Statutes § 54-57 provides: "Whenever two or more cases are pending at the same time against the same party in the same court for offenses of the same character, counts for such offenses may be joined in one information unless the court orders otherwise."

of the same character arising from separate cases. On appeal, "[i]t is the defendant's burden to show that joinder was improper, and to do so he must show substantial prejudice. *State* v. *Boscarino*, [204 Conn. 714, 529 A.2d 1260 (1987)]; *State* v. *Rodgers*, 198 Conn. 53, 65, 502 A.2d 360 (1985); *State* v. *Bell*, [188 Conn. 406, 410, 450 A.2d 356 (1982)]; *State* v. *Jonas*, 169 Conn. 566, 570, 363 A.2d 1378 (1975), cert. denied, 424 U.S. 923, 96 S. Ct. 1132, 47 L. Ed. 2d 331 (1976)." *State* v. *Stevenson*, supra, 687. "The defendant bears a heavy burden of showing that the denial of severance resulted in substantial injustice and that any resulting prejudice was beyond the curative power of the court's instructions." (Internal quotation marks omitted.) Id.

In assessing prejudice, a reviewing court should consider the three factors set out previously. " '[I]f any or all of these factors were present, a reviewing court would have to decide whether the trial court's jury instructions cured any prejudice that might have occurred.' " *State* v. *Horne*, 215 Conn. 538, 547, 577 A.2d 694 (1990). In this case, while each of the four robberies joined for trial contained many similar facts, the charges against the defendant were distinguishable and the evidence on each of the charges was presented in an orderly fashion. The jury was instructed by the trial court to treat each information separately, both during the trial and in its charge. There was no allegation of brutal and shocking conduct on the part of the defendant, nor was the trial lengthy or complex, lasting nine days, only five and one-half of which were occupied with the taking of evidence. Having considered all of the factors set forth in *Stevenson*, we conclude that the defendant was not prejudiced by the consolidation of the four cases for trial. We further conclude that the defendant has failed to demonstrate that consolidation resulted in substantial injustice.

The judgments are affirmed.

In this opinion the other judges concurred.