## BERTHA N. KANE *v.* AMERICAN INSURANCE COMPANY
## (SC 16104)

McDonald, C. J., and Borden, Palmer, Callahan and Aurigemma, Js.

Argued December 3, 1999—officially released January 25, 2000

*Kevin P. Thornton,* with whom, on the brief, was *Scott J. Sandler,* for the appellant (plaintiff).

*Royce L. Vehslage,* for the appellee (defendant).

*Opinion*

PER CURIAM. After sustaining injuries in an alleged automobile accident, the plaintiff, Bertha N. Kane, brought this action against the defendant, American Insurance Company, to recover pursuant to the uninsured motorist provision of an insurance policy that

---

she had purchased from that company. The defendant claimed that the policy had expired and thus terminated before the date of the accident, and that the plaintiff had failed to renew its terms. The plaintiff claimed that the policy did not terminate because she had not received a termination notice from the defendant. At the request of the parties, the trial court reserved a question, pursuant to Practice Book § 73-1,[1] asking the Appellate Court to consider whether the defendant was required, pursuant to General Statutes (Rev. to 1995) § 38a-343 (a),[2] to issue a cancellation notice before terminating the plaintiff's automobile insurance policy. The Appellate Court determined that, because the plaintiff had not renewed the policy pursuant to General Statutes § 38a-341,[3] no cancellation notice was required. *Kane* v. *American Ins. Co.*, 52 Conn. App. 497, 503, 725 A.2d 1000 (1999). We granted the plaintiff's petition for certification on this issue. *Kane* v. *American Ins. Co.*, 249 Conn. 902, 732 A.2d 776 (1999).

Having reviewed the briefs, the record and the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. In its thorough and thoughtful opinion, the Appellate Court properly resolved the issue on which we granted certification.

The judgment of the Appellate Court is affirmed.

---

[1] Practice Book § 73-1 provides in relevant part: "(a) Any reservation shall be taken to the supreme court or to the appellate court from those cases in which an appeal could have been taken directly to the supreme court, or to the appellate court, respectively, had judgment been rendered. . . ."

[2] General Statutes (Rev. to 1995) § 38a-343 (a) provides in relevant part: "No notice of cancellation of policy . . . may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation . . . ."

[3] General Statutes § 38a-341 provides in relevant part: "(2) 'Renewal' or 'to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of the policy beyond its policy period or term. . . . "