[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This case explores the circumstances which would require, under General Statutes § 38a-343, an auto insurance carrier to notify an individual of cancellation of insurance in a context where the first premium payment was not made.
The plaintiff has sued Nationwide Mutual Insurance Co. and its agents, Michael Buchek and Matthew Meyer. Count one of the complaint, the only claim before the court, claims a breach of contract by Nationwide and alleges the following facts. On or about June 30, 1995, plaintiff issued CT Page 7284 a check in the amount of $302.45, to Nationwide's agent to obtain automobile insurance coverage. At the same time, the agent gave to plaintiff an automobile insurance identification card containing a policy number, which stated that the effective date of coverage was the next day, July 1, 1995. Fifty-seven days later, plaintiff notified Nationwide that the automobile had just been damaged in an accident. Nationwide informed her that the policy number on her identification card was not a valid one and then wrote informing her she would not be covered. The events of the early relationship will be determinative and are set out further infra.
Plaintiff moves for summary judgment on her breach of contract count on the ground that Nationwide was required to provide a notice of cancellation to plaintiff, pursuant to General Statutes § 38a-343, which it concededly did not do. Thus, plaintiff contends, she is entitled to be deemed insured because the defendant did not comply with the statutory requirements for cancellation of an insurance policy.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, 707 A.2d 15 (1998)
"General Statutes §§ 38a-341 through 38a-344 govern the procedures for the cancellation of an automobile insurance policy by an insurer."Majernicek v. Hartford Casualty Ins. Co., 240 Conn. 86, 92, 688 A.2d 1330
(1997). At the time of plaintiff's accident, General Statutes § 38a-342
(a) provided: "A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons: (1) Nonpayment of premium; (2) the driver's license or motor vehicle registration of either the named insured or any operator . . . in the same household . . . has been revoked during the policy period or, if the policy is a renewal, during its policy period or the one hundred eighty days next preceding its effective date." General Statutes § 38a-343
(a) provided: "No notice of cancellation of a policy which has been in effect for less than sixty days may be effective unless mailed or delivered by the insurer at least forty-five days before the effective date of cancellation, provided that at least ten days' notice shall be given where cancellation is for nonpayment of any other premium or material misrepresentation."[1] The statute also requires that the CT Page 7285 notice must be sent "by registered or certified mail or by mail evidenced by a certificate of mailing. . . ." General Statutes § 38a-343 (a)
"The purpose of § 38a-343 (a) is to assure that before an automobile insurance policy is cancelled the insured has a clear and unambiguous notice of the cancellation." (Internal quotation marks omitted.) Kane v. American Ins. Co., 52 Conn. App. 497, 502, 725 A.2d 1000
(1999), aff'd, 252 Conn. 113, 743 A.2d 612 (2000). "[I]n enacting §38a-343 (a), the legislature appears to "have intended to eliminate the potentially harsh consequences to an insured of driving without knowing that his or her policy was inoperative." Majernicek v. Hartford CasualtyIns. Co., supra, 240 Conn. 93.
In the present case, both parties concede that no written notice of cancellation was sent to plaintiff before her accident. The fundamental issue is not the cancellation notice, but whether there was a policy in existence that could be cancelled. Nationwide points to the provision in the insurance application, signed by plaintiff, that stated no coverage would be bound if the premium remittance was not honored by the bank. Nationwide argues that, because the plaintiff made requests that her check be held, and because there were never funds in her bank account to cover the first premium check, no valid payment was ever made and no policy was in effect.
More specifically, Nationwide agent's affidavit attests that at the time plaintiff filled out the application, plaintiff requested that her check be held for several days and, the very next day, plaintiff telephoned to tell him that he should not deposit the check as there were no funds to cover it. The agent also states that: "I was informed at various times that between July 2, 1995 and August 26, 1995 that there were no funds in Ms. Thompson's account to cover said check." (A review of a deposition excerpt of a bank employee seems to suggest that the carrier's agent gleaned this account information through calls to plaintiff's bank rather than from plaintiff.[2]) The agent further states that he attempted to reach plaintiff on a number of occasions and left "detail' [sic] messages with her sister that no payment was made and therefore plaintiff had no coverage." Agent Matthew Meyer further attests that at the time plaintiff signed the application he explained to her that she would have no coverage unless she made valid payment. The last sentence of the application, before the signature line, states: "I agree that if my premium remittance is not honored by the bank, no coverage will be bound."
In her deposition, plaintiff stated that she was aware, from the date she signed the insurance application to the date of her accident, that there were insufficient funds in her checking account to cover her CT Page 7286 premium check. Plaintiff said that she did not know, until after her accident, that the check was never deposited and that she was without insurance coverage. In her affidavit, plaintiff attests that her premium check was never presented to her bank for payment.
This recitation of facts leaves the matter of whether there was a binding contract of insurance between the parties unclear because it involves the subjective beliefs of the parties regarding the language of the insurance application and the parties words and actions preceding and following the signing of the agreement.
Although appellate cases involving the interpretation of General Statutes § 38a-343 apply to the renewal of motor vehicle policies, they are nonetheless illuminating because they indicate that the statutory cancellation procedures are required when it is the insurer that acts unilaterally to terminate an existing policy. In Kane v.American Ins. Co., supra 52 Conn. App. 503, the Appellate Court held that the plaintiff's contract of insurance terminated when she declined the insurer's offer of renewal and therefore the insurer was not required to send a written notice of cancellation pursuant to the statute. InMajernicek v. Hartford Casualty Ins. Co., supra, 240 Conn. 87-8, the Supreme Court affirmed the judgment of the trial court which found that the insurer was not required to provide written notice of cancellation of an automobile insurance policy when the insured triggered the policy's automatic termination clause by procuring other similar insurance. In both these cases, it was action by the insured that terminated the policy; therefore, the insurer was not required to send notice of cancellation.
In the present case, the insurance carrier argues that it was the action of plaintiff, or lack of action when she failed to pay her first premium, that resulted in no policy being in effect. Plaintiff attests that she was unaware that her check was not honored by the bank. Her statement could have several meanings. Plaintiff could mean that she expected that the agent would present her check to the bank for payment and the bank would pay it, or if not, her agent or the bank would notify her. Plaintiff could be couching her statement in the language used in the application agreement (stating that if the premium check "is not honored by the bank, no coverage will be bound"), thus, implying that if she did not know her check was not honored by the bank, she could not know that she had no coverage at the time of her accident.
Given the evidence submitted by the parties, a dispute of material fact exists as to whether, at the time of plaintiff's accident, a policy was in effect that would require the statutory notice of cancellation. "The existence of a contract is a question of fact to be determined by the CT Page 7287 trier on the basis of all the evidence." L R Realty v. ConnecticutNational Bank, 53 Conn. App. 524, 534, 732 A.2d 181 (1999). For this reason, the court denies the plaintiff's motion for summary judgment as to count one.
The Court
Nadeau, J.