CHRISTINE DEMCHAK ET AL. *v.* STATE OF
CONNECTICUT ET AL.
(AC 24464)

Dranginis, DiPentima and Peters, Js.

Argued March 23—officially released May 25, 2004

*Michael F. O'Connor*, for the appellants (plaintiffs).

*Stephen P. DelSole*, with whom, on the brief, was *Robert P. Murphy*, for the appellee (defendant Safeco Insurance Company of America).

*Opinion*

PER CURIAM. The issues in this appeal by the plaintiff Christine Demchak[1] from the summary judgment rendered by the trial court in favor of the defendant Safeco Insurance Company of America (Safeco)[2] are (1) whether the defendant properly denied underinsured motorists benefits to the plaintiff because she failed to renew her insurance policy and (2) whether the plaintiff

---

[1] The plaintiff Mark Demchak is not involved in this appeal because the summary judgment in favor of Safeco Insurance Company of America does not implicate his loss of consortium claim. We therefore refer to Christine Demchak as the plaintiff.

[2] The other defendants who are not parties to this appeal are the state of Connecticut, Linda J. Stern, Martin S. Stern, John F. McFadden, Laidlaw Transit, Inc., the town of Monroe and David Solek.

received proper notice that she was not insured. We affirm the judgment of the trial court.

Demchak and her husband, Mark Demchak, commenced a multicount action against numerous defendants for the personal injuries she sustained in a motor vehicle accident. See footnote 2. The plaintiff appeals from the judgment of the court that was rendered upon the granting of the motion for summary judgment filed by the defendant. The plaintiff claims that the granting of the motion for summary judgment was improper because (1) she did not receive notice that her insurance had been canceled, (2) Safeco did not provide timely notice of cancellation pursuant to General Statutes § 38a-343, (3) the policy at issue was a new one that required Safeco to give at least fifteen days notice of cancellation for nonpayment of premium, (4) the language of the cancellation warning did not comply with § 38a-343, (5) at short calendar, Safeco argued a legal basis for summary judgment that it had not raised initially and (6) Safeco waived its right to rely on its cancellation notice.

For the purposes of the summary judgment that was rendered in this case, the following facts, as alleged in the revised complaint, are not in dispute. On the afternoon of January 22, 2001, the plaintiff was operating her motor vehicle in Monroe when she was involved in a multivehicle accident. As a result of the accident, she sustained multiple, serious injuries that required hospitalization and extensive medical care. Linda J. Stern was an alleged negligent operator of one of the vehicles involved in the accident. The injuries and damages the plaintiff suffered exceeded the limits of Stern's policy of liability insurance.

The plaintiff alleged with respect to Safeco that it had issued to her a motor vehicle insurance policy (policy) and that, on the date of the accident, the policy provided underinsured motorists coverage in the

amount of $500,000 per person. The plaintiff also alleged that she had satisfied all of the terms and conditions of the policy and was, therefore, entitled to the benefits afforded under its underinsured motorists endorsement.

Safeco filed a motion for summary judgment claiming that there were no genuine issues of material fact that the policy was not in effect on the date of the accident and that it had notified the plaintiff, pursuant to § 38a-343, that it had canceled the policy. The plaintiff opposed the motion for summary judgment, claiming, in part, that there were genuine issues of material fact regarding Safeco's notice of cancellation for nonpayment of the premium. Specifically, she claimed that Safeco's notice of cancellation was untimely and that the language of the notice did not comport with § 38a-343. The plaintiff also alleged that Safeco's conduct amounted to a waiver of its right to rely on the notice of cancellation and that the evidence in support of the motion for summary judgment was insufficient as to the notice of cancellation. In a reply memorandum of law, Safeco asserted a new basis for summary judgment, namely, that it was not required to provide the plaintiff with notice of cancellation because she had not accepted its offer to renew her policy. It cited *Kane* v. *American Ins. Co.*, 52 Conn. App. 497, 725 A.2d 1000, aff'd, 252 Conn. 113, 743 A.2d 612 (2000), in support of its amended legal basis for summary judgment.[3]

The parties filed no fewer than seven memoranda of law with supporting documents for the court to con-

---

[3] The record demonstrates that Safeco raised its amended basis for summary judgment prior to oral argument in the trial court. On appeal, we are uncertain of the substance of the plaintiff's claim that Safeco made a legal argument during the short calendar hearing that it had not raised initially. She cannot claim lack of notice because the facts clearly indicate that Safeco had informed her of the alternate legal basis for its motion for summary judgment. The plaintiff has not cited any law, and we know of none, that a party may not offer an alternative basis on which a court may base its decision, even if it is contrary to what was asserted initially.

sider. The court heard oral arguments on the motion for summary judgment on May 5, 2003. In its memorandum of decision, the court framed the issue as whether the policy was terminated for nonpayment of monthly premiums or whether the policy was not renewed by the plaintiff and what warning, if any, Safeco was required to provide. The court concluded that the policy did not provide coverage on the date of the accident, as the policy had terminated when the plaintiff failed to renew it, despite having received appropriate notice.

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Our review of the court's granting of a motion for summary judgment is plenary. *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 40, 815 A.2d 140 (2003).

On the basis of our examination of the trial court record and the briefs and arguments of the parties, we are persuaded that the judgment of the court should be affirmed. The court's memorandum of decision fully addresses the arguments raised in the present appeal, and we adopt it as an accurate statement of the facts and the applicable law on those issues. See *Demchak* v. *State*, 48 Conn. Sup. 460, 849 A.2d 1 (2003). No useful purpose would be served for us to repeat the discussion that the court's memorandum contains. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

As to the plaintiff's claim that the court failed to address her waiver claim, our review of the court's memorandum of decision discloses that the court was aware of the plaintiff's waiver argument, but declined to consider it because the issue was not briefed adequately. On appeal, the plaintiff has argued that she

adequately raised her claim in a memorandum of law dated October 23, 2002. We carefully have reviewed the court file and cannot find a memorandum of law bearing that date. The court's docket sheet does not contain a filing by the plaintiff on or about that date. Although the plaintiff attempts to support her argument that the court failed to consider her claim by referring to the October 23, 2002 memorandum of law, she failed to include it in the appendix to her appellate brief. See Practice Book §§ 67-4 and 67-8. We, thus, decline to consider the issue. See Practice Book §§ 60-5 and 61-10.

The judgment is affirmed.