### SARA SOCCI ET AL. *v.* JEFFREY S. PASIAK
### (AC 30049)

Gruendel, Lavine and Lavery, Js.

Argued May 21—officially released September 1, 2009

*Daniel M. Young,* for the appellant (named plaintiff).

*Patrick D. McCabe,* for the appellee (defendant).

PER CURIAM. The plaintiff Sara Socci[1] appeals from the trial court's denial of her application for a prejudgment attachment of certain property of the defendant, Jeffrey S. Pasiak.[2] On appeal, the plaintiff claims that the court improperly found that payment of any judgment rendered against the defendant was secured adequately by insurance. We reverse the judgment and remand this matter to the trial court with direction to enter a prejudgment remedy order in the amount of $250,000.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. On March 17, 2008, the plaintiff filed a complaint against the defendant, alleging false imprisonment, intentional infliction of emotional distress, reckless infliction of emotional distress and negligent infliction of emotional distress.[3] Pursuant to General Statutes § 52-278h, the plaintiff subsequently filed an application for a prejudgment remedy seeking an attachment of $750,000 against the defendant's property and assets.

On June 16 and 17, 2008, the parties attended a prejudgment attachment hearing pursuant to General Statutes § 52-278d.[4] Following the hearing, the court concluded that the plaintiff adequately proved probable

---

[1] Socci's husband, Kraig Socci, also was a plaintiff at trial. Because only Sara Socci has appealed, we refer to her in this opinion as the plaintiff.

[2] The granting or denial of a prejudgment remedy is deemed a final judgment for purposes of appeal. See General Statutes § 52-278*l* (a).

[3] The plaintiff's claims arose out of an event on May 9, 2006, when a masked gunman allegedly entered the defendant's home office, where the plaintiff was employed as the defendant's administrative assistant, and bound, gagged and blindfolded the plaintiff while threatening her life and the lives of her family.

[4] General Statutes § 52-278d (a) provides in relevant part: "The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of . . . (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance . . . ."

cause that judgment would enter against the defendant only for negligent infliction of emotional distress in the amount of $250,000. In making this finding, the court rejected the plaintiff's original request for a $750,000 prejudgment remedy attachment.[5]

Before issuing a final order, the court recessed for a short period to allow the parties to discuss insurance coverage. Earlier in the hearing, it was stipulated that the defendant's insurance company had issued a reservation of rights letter with respect to all counts. Because the court did not know what insurance coverage existed, however, it sought clarification from the parties. Following the recess, the defendant's counsel stated that the defendant had a homeowner's insurance policy, including umbrella coverage, of $1.3 million. As a result, the court denied the plaintiff's prejudgment remedy application on the basis of the availability of adequate insurance coverage.[6] This appeal on the limited issue of insurance coverage followed.

On appeal, the plaintiff claims that the court improperly found that payment of any judgment rendered against the defendant was adequately secured by insurance under § 52-278d (a) (2). Specifically, the plaintiff argues that the court's adequacy finding was unreasonable because it is unsupported by evidence. We agree.

We first set forth the following legal principles. "[I]n reviewing a court's decision to deny or to grant a prejudgment remedy, we decide only whether that decision constituted clear error." *Connecticut Light & Power Co.* v. *Gilmore*, 89 Conn. App. 164, 180–81, 875 A.2d 546, cert. denied, 275 Conn. 906, 882 A.2d 681 (2005).

---

[5] The plaintiff did not appeal from the court's $250,000 attachment finding.

[6] The court, however, originally granted the prejudgment remedy application with a potential setoff for a later showing of insurance coverage. Following a short recess, counsel for the defendant submitted a declarations page as the only evidence of the $1.3 million homeowner's insurance policy.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Marlin Broadcasting, LLC* v. *Law Office of Kent Avery, LLC*, 101 Conn. App. 638, 648, 922 A.2d 1131 (2007). "[On appeal], therefore, we need only decide whether the trial court's conclusions were reasonable under the clear error standard." (Internal quotation marks omitted.) *TES Franchising, LLC* v. *Feldman*, 286 Conn. 132, 138, 943 A.2d 406 (2008).

"Because a prejudgment remedy is a statutorily based remedy, we first examine the language of the statute." Id., 145. Under General Statutes § 1-2z, when the language is plain and unambiguous, we need look no further than the statutory words themselves. See *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 798, 970 A.2d 640 (2009). Because the language of the controlling statute in this case is plain and unambiguous, the defendant had the right to a hearing in which he could demonstrate that payment of a potential judgment against him was "adequately secured by insurance . . . ." General Statutes § 52-278d (a) (2).

During the hearing, the defendant did not place the insurance policy into evidence. The only evidence the defendant introduced was the declaration page of the umbrella policy, which showed a coverage limit of $1.3 million. In addition, the defendant's counsel acknowledged that a reservation of rights as to providing a defense and coverage existed on all counts. The reservation of rights letter was not placed into evidence. This further put into question the insurance coverage.[7]

---

[7] See *Palasky* v. *Glemacy Builders, LLC*, Superior Court, judicial district of New London, Docket No. CV-06-5001528-S (August 13, 2008) ("[When a reservation of rights defense is tendered] it is the court's obligation to determine whether it is satisfied of the existence of insurance sufficient to

Despite the evidentiary absence of a policy, the defendant argues that his personal umbrella policy declaration sufficiently supports a finding of insurance coverage. Without determining whether the defendant's argument has merit, this argument loses sight of the fact that insurance constitutes a contract between the parties. *Kane* v. *American Ins. Co.*, 52 Conn. App. 497, 501, 725 A.2d 1000 (1999), aff'd, 252 Conn. 113, 743 A.2d 612 (2000). "It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy." (Internal quotation marks omitted.) *Clinch* v. *Generali-U.S. Branch*, 110 Conn. App. 29, 35, 954 A.2d 223 (2008). Because the policy was never admitted into evidence, and especially in light of the reservation of rights, this declaration form standing alone provides insufficient evidence as to the contours of coverage. See 16 S. Williston, Contracts (4th Ed. Lord 2000) § 49:25, p. 139 (when declarations page unclear, it must be read with body of policy). Thus, notwithstanding the defendant's insurance declaration, the record leaves us with the definite and firm conviction that the court unreasonably found an adequate showing of insurance. The defendant did not meet his burden of proof that adequate insurance existed to cover a judgment against him.

The judgment is reversed and the case is remanded with direction to enter an order granting the prejudgment remedy in the amount of $250,000.

satisfy awards that may ultimately be rendered. . . . Given that defense counsel opted not to divulge the specific conditions of the reservation of rights at the hearing . . . a realistic possibility exists that there may not be insurance coverage . . . . As a result, the court does not factor in the aforementioned insurance policy in deciding this matter." [Citations omitted; internal quotation marks omitted.]).