## STATEWIDE GRIEVANCE COMMITTEE *v.* RIDGELY WHITMORE BROWN
### (AC 20706)

Lavery, C. J., and Flynn and Dupont, Js.

Argued September 26—officially released December 4, 2001

*Ridgely W. Brown*, pro se, the appellant (defendant).

*Maureen A. Horgan*, assistant bar counsel, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Ridgely Whitmore Brown, appeals from the judgment of the trial court suspending him from the practice of law and ordering him to participate in fee arbitration. The defendant

claims that (1) Practice Book § 2-37 (a) (6), which authorizes the plaintiff statewide grievance committee to order mandatory arbitration, is unconstitutional, (2) the court improperly found that he had waived the right to contest the constitutionality of § 2-37 (a) (6), (3) the court improperly denied his proposed arbitration order and granted that of the plaintiff and (4) the court abused its discretion in suspending him from the practice of law for ninety days. We affirm the judgment of the trial court.

The following facts are relevant to the issues on appeal. The defendant is an attorney who was admitted to the Connecticut bar in 1977. In July, 1997, one of the defendant's clients, Dan Gray, filed a grievance against him with the plaintiff. In the grievance, Gray alleged, inter alia, that the defendant had charged him an excessive and inappropriate fee, provided misleading advice and performed little work on his case. *Gray v. Brown*, Grievance Complaint No. 97-0041. The plaintiff referred the case to a reviewing committee that conducted hearings on the matter on December 3, 1997, February 4, 1998, and April 1, 1998, and found by clear and convincing evidence that the defendant had violated rules 1.4,[1] 1.5[2] and 1.16[3] of the Rules of Professional Conduct. On September 10, 1998, the plaintiff mailed him a copy of the reviewing committee's proposed decision and informed him that he had fourteen days in which to submit a statement in opposition or support. On October 15, 1998, the plaintiff adopted the findings of the

[1] Rule 1.4 of the Rules of Professional Conduct requires an attorney to keep a client reasonably informed of the status of the legal work being performed and to explain matters sufficiently to allow the client to make informed decisions.

[2] Rule 1.5 of the Rules of Professional Conduct requires legal fees to be reasonable.

[3] Rule 1.16 of the Rules of Professional Conduct delineates the circumstances under which an attorney should withdraw from his or her representation of a client.

reviewing committee and voted to reprimand the defendant.

In conjunction with the reprimand and pursuant to the authority conferred by Practice Book § 2-37 (a) (6),[4] the plaintiff ordered the defendant to participate in arbitration to determine a reasonable fee for the work that the defendant did on Gray's case. The defendant was notified of the order by letter dated October 16, 1998. The letter stated that the defendant, within sixty days, was either to submit to the arbitration or to inform the plaintiff of the reasons why he did not do so. The letter further required the defendant to notify the plaintiff within fourteen days if the matter was submitted to arbitration and to notify it again within fourteen days of the result of any arbitration decision. The defendant failed to comply with any of those requirements.

In a letter dated January 7, 1999, the plaintiff requested that the defendant provide by January 19, 1999, an explanation for his noncompliance with the arbitration order. The defendant did not reply. In a March 5, 1999 letter, the plaintiff informed the defendant that a presentment would be filed against him in the Superior Court, and he would be subject to whatever discipline the court deemed appropriate for his continuing noncompliance with the order to arbitrate.

On or about May 19, 1999, the plaintiff filed against the defendant in the Superior Court a complaint for presentment of attorney for disciplinary action pursuant to Practice Book (1999) § 2-37 (b), now (c).[5] At the

[4] Practice Book § 2-37 (a) provides in relevant part: "A reviewing committee or the statewide grievance committee may impose one or more of the following sanctions and conditions in accordance with [the provisions governing grievance complaints] . . .

"(6) an order to submit to fee arbitration . . . ."

[5] Practice Book (1999) § 2-37 (b), now (c), provides that "[f]ailure of the respondent to comply with any sanction or condition imposed by the statewide grievance committee or a reviewing committee may be grounds for presentment before the superior court."

presentment trial, the defendant argued that he had refused to submit to fee arbitration because he believed that the rule of practice authorizing the plaintiff to order arbitration was unconstitutional. The court found that the defendant had disregarded the clear procedures available to contest the arbitration order by waiting until the presentment trial to do so and, therefore, had waived the right to raise the constitutional challenge. The court, in a March 21, 2000 memorandum of decision, found by clear and convincing evidence that the defendant had violated Practice Book § 2-37, and rendered judgment ordering immediate arbitration and suspending the defendant from the practice of law for ninety days. From that judgment, the defendant appealed.

Thereafter, the plaintiff and the defendant each filed with the court proposed orders for the arbitration proceedings. On July 15, 2000, the court, with slight modification, granted the order requested by the plaintiff and denied that requested by the defendant. The defendant filed an amended appeal to include a claim regarding the parameters of that order. Additional facts will be set forth as necessary to address the issues on appeal.

I

We address the defendant's second claim first because it is dispositive of his first claim on appeal. At his presentment trial, the defendant argued that Practice Book § 2-37 (a) (6), the provision pursuant to which the plaintiff had ordered him to submit to arbitration, is unconstitutional because it denies him the right to a jury trial. The defendant raises that argument again in his first claim on appeal. He also claims on appeal that although he raised the issue for the first time in the presentment trial, the court improperly found that he had waived the right to contest the constitutionality of the provision. We conclude that the defendant waived

the right to contest the order of the plaintiff by knowingly ignoring the established procedure for its review. Consequently, it is unnecessary for us to consider whether § 2-37 (a) (6) is unconstitutional.

Waiver consists of the intentional abandonment or voluntary relinquishment of a known right. *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). Whether a waiver has occurred is a question of fact. *Majernicek* v. *Hartford Casualty Ins. Co.*, 240 Conn. 86, 96, 688 A.2d 1330 (1997). We therefore review the court's finding under the clearly erroneous standard. Id.

Waiver "involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct [consistent] with intention to [relinquish] . . . are sufficient." (Internal quotation marks omitted.) *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 538, 706 A.2d 984 (1998). Thus, "[w]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied." (Internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 350, 715 A.2d 765 (1998). "In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) Id.

Attorney grievance proceedings are governed by the General Statutes and the rules of practice. General Statutes § 51-90g and Practice Book § 2-35 authorize the statewide grievance committee to assign a grievance case to a reviewing committee for a hearing. Subsection (e) of Practice Book § 2-35 provides in relevant part that upon referral, "the reviewing committee shall render a final written decision dismissing the complaint, imposing sanctions and conditions as authorized by Section 2-37 or directing the statewide bar counsel to file a presentment against the defendant in the superior court

and file it with the statewide grievance committee. . . . The reviewing committee shall forward a copy of the final decision to the complainant, the respondent, and the grievance panel . . . ." See also General Statutes § 51-90g (e) and (f).

General Statutes § 51-90h (a) provides in relevant part that "[w]ithin fourteen days of the issuance to the parties of the proposed decision [of the reviewing committee], the . . . defendant may submit to the State-Wide Grievance Committee a statement in support of, or in opposition to, the proposed decision. . . ."

Practice Book § 2-35 (g) provides in relevant part that "[w]ithin thirty days of the issuance to the parties of the final decision by the reviewing committee, the defendant may submit to the statewide grievance committee a request for review of the decision. Any request for review submitted under this section must specify the basis for the request, including, but not limited to a claim or claims that the reviewing committee's findings, inferences, conclusions or decision is or are (1) in violation of *constitutional*, rules of practice or statutory provisions . . . ." (Emphasis added.)

In this case, the defendant was informed by letter of the decision of the reviewing committee. Included in that decision was the committee's recommendation that he be ordered to submit to fee arbitration. The letter specifically informed the defendant that he could, in accordance with established procedures, submit a statement in opposition to the reviewing committee's decision. The defendant did not submit a statement in opposition, nor did he invoke the review procedure of Practice Book § 2-35 (g) to raise the alleged constitutional defect of Practice Book § 2-37 (a) (6).[6] Thirty-

---

[6] Because he failed to request that the plaintiff review the decision of the reviewing committee pursuant to Practice Book § 2-35 (g), the defendant thereafter was precluded from appealing from the reprimand to the Superior Court pursuant to Practice Book § 2-38 (a). Pursuant to Practice Book § 2-38 (f) (1), if the defendant properly had preserved the issue, the court

five days later, the plaintiff adopted the decision of the reviewing committee, reprimanding the defendant and ordering him to arbitrate.

In its notice to the defendant apprising him that it had adopted the decision of the reviewing committee, the plaintiff required further that if for "any reason the matter is not submitted to fee arbitration," the defendant was to "inform the [plaintiff] of the reasons in writing within sixty (60) days of th[e] notice." The defendant still did not raise his constitutional claim or any objection to the arbitration order with the plaintiff.

As delineated by the statutes and rules of practice previously cited, a well defined procedure existed in which the defendant could have presented his claim that the arbitration order under Practice Book § 2-37 (a) (6) unconstitutionally deprived him of the right to a jury trial. "[A] member of the Connecticut bar . . . is expected to know the rules of practice." *Thalheim* v. *Greenwich*, 256 Conn. 628, 647, 775 A.2d 947 (2001). Furthermore, the plaintiff's communications alerted the defendant that he could challenge the order to arbitrate, yet he consciously chose simply to ignore the order. As the court concluded, "[i]f the [defendant] had asserted the right to a jury trial within the proper time frame, both he and the committee could have resolved the issue without court intervention or alternately sought court intervention after the [defendant] properly presented his constitutional concerns to the committee."

The defendant's conduct in ignoring the procedure for contesting the plaintiff's decision was consistent with an intent to waive the right to contest that decision. Because the court's finding that the defendant had waived the right to contest the decision is supported

could have reviewed the plaintiff's decision for constitutional error. See also *Pinsky* v. *Statewide Grievance Committee*, 216 Conn. 228, 232–34, 578 A.2d 1075 (1990).

by the record, it is not clearly erroneous.[7] Furthermore, because we uphold the court's finding on waiver, we will not consider the defendant's constitutional claim.

## II

The defendant claims next that the court improperly granted the plaintiff's proposed order of arbitration and denied his proposed order. We disagree.

"Inherent in [the attorney disciplinary] process is a large degree of judicial discretion. . . . A court is free to determine in each case, as may seem best in light of the entire record before it, whether a sanction is appropriate and, if so, what that sanction should be." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Dixon*, 62 Conn. App 507, 515, 772 A.2d 160 (2001). "When the trial court determines that an attorney committed misconduct in violation of the Rules of Professional Conduct, unless it clearly appears that [the attorney's] rights have in some substantial way been denied him, the action of the court will not be set aside upon review." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin*, 61 Conn.

---

[7] The defendant's testimony at the presentment trial further supports the court's finding that he had waived the right to contest the constitutionality of Practice Book § 2-37 (a) (6). The defendant testified: "I didn't respond to some things because I don't like how [the grievance] committee does business," and "I don't like to do business with . . . administrative agencies that have a political orientation that doesn't go in my direction." He also stated that he did not appeal from the reprimand because "[he didn't] want [his] name bandied about the . . . court records" and because of the deferential standard of review of a decision of an administrative body. Our Supreme Court recently noted that the "statutory and practice book provisions establish a comprehensive administrative mechanism for the investigation and resolution of attorney grievance complaints" meant to foster judicial efficiency; *Johnson* v. *Statewide Grievance Committee*, 248 Conn. 87, 99, 726 A.2d 1154 (1999); and that "[a]llowing parties to circumvent the established grievance procedures, at least in the absence of a compelling justification for doing so, would so undermine the process as to render it ineffectual." Id., 99–100. The defendant's dislike of the administrative process is not such a compelling justification.

App. 445, 453, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001).

In presentment proceedings, courts are "left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice. . . . Once the complaint is made, the court controls the situation and procedure, in its discretion, as the interests of justice may seem to it to require." (Citation omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rozbicki*, 219 Conn. 473, 483, 595 A.2d 819 (1991), cert. denied, 502 U.S. 1094, 112 S. Ct. 1170, 117 L. Ed. 2d 416 (1992).

Here, the court found by clear and convincing evidence that the defendant had failed to comply with the sanction imposed by the plaintiff when he refused to submit to fee arbitration. The court ordered arbitration anew and accepted the parameters proposed by the plaintiff to govern the proceedings.[8] The defendant argues, inter alia, that this order improperly framed the issue for arbitration as the determination of a "reasonable fee" for the work that he did for Gray, rather than as the interpretation of his contractual agreement with Gray.

In the underlying grievance proceeding, the defendant was found to have violated rule 1.5 of the Rules of Professional Conduct, which provides that "[a] lawyer's fee shall be reasonable." The court imposed a sanction for the defendant's refusal to comply with the sanction imposed by the plaintiff, which was intended to effect a reassessment of what the plaintiff considered an unreasonable fee. The court's order was tailored, therefore, to force the defendant to comply with the plaintiff's sanction to address the underlying violation of

_____

[8] Pursuant to the defendant's suggestion, the court modified the plaintiff's proposed order, adding to it that "no evidence of the violation of any rule or disciplinary action shall be admissible in the fee arbitration hearing."

rule 1.5. As such, the court's choice of sanctions appropriately addressed the situation before it. The defendant has not provided this court with a compelling explanation of how his receipt of a reasonable fee for the services he rendered amounts to a substantial denial of his rights. Consequently, we conclude that the court did not abuse its discretion in adopting the plaintiff's proposed order of arbitration.

## III

The defendant last claims that the court abused its discretion in suspending him from the practice of law for ninety days. We disagree.

In a presentment action, the court is authorized to impose "reprimand, suspension for a period of time, disbarment or such other discipline as the court deems appropriate. . . ." Practice Book § 2-47 (a). We reiterate that a court has a large degree of discretion in disciplining attorneys. *Statewide Grievance Committee* v. *Dixon,* supra, 62 Conn. App 515. "As officers and commissioners of the court, attorneys are in a special relationship with the judiciary and are subject to the court's discipline." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Egbarin,* supra, 61 Conn. App. 450–51.

A "comprehensive disciplinary scheme has been established to safeguard the administration of justice, and designed to preserve public confidence in the system and to protect the public and the court from unfit practitioners. . . . [The General Statutes and rules of practice] authorize the grievance committee to act as an arm of the court in fulfilling this responsibility." (Citation omitted; internal quotation marks omitted.) *Massameno* v. *Statewide Grievance Committee,* 234 Conn. 539, 554, 663 A.2d 317 (1995); see also *Sobocinski* v. *Statewide Grievance Committee,* 215 Conn. 517, 525–26, 576 A.2d 532 (1990) (grievance committee is not

administrative agency but an arm of the court). Because the plaintiff operates on behalf of the court, the defendant's defiance of the order to arbitrate was, in a sense, a defiance directed toward the court. Allowing an attorney to defy a disciplinary order without consequence, imposed after he is found in a hearing to have violated several of the Rules of Professional Conduct, would have the effect of undermining public confidence in the judicial system and would create the impression that attorneys are beyond rebuke. Under the circumstances of this case, where the defendant had a clear avenue to contest the plaintiff's order but instead chose to ignore it, we cannot conclude that the court abused its discretion in suspending him from the practice of law for ninety days.

The judgment is affirmed.

In this opinion the other judges concurred.