[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff in this foreclosure action, The Chase Manhattan Bank, as Trustee, has moved for summary judgment as to liability against defendant Ronald A. Holmberg. For the reasons stated below, the motion is granted. CT Page 9264
The plaintiff has demonstrated, inter alia, that Holmberg borrowed $180,000.00 on August 17, 1989, from People's Bank and agreed to repay the loan by paying $789.82 "every other Tuesday" together with one-twenty-sixth of the yearly taxes. People's Bank assigned the note and mortgage to Ocwen Federal Bank, FSB, who assigned the note to the plaintiff. The plaintiff has further shown it is the holder of the note and mortgage, that Holmerg is in default for failure to make payments in accordance with the terms of the note, that the plaintiff has elected to accelerate the indebtedness under the terms of the note, and that Holmberg duly received written notice of default and plaintiff's intent to accelerate the payments.
Holmberg's own documents show that he paid $1,813.50 a month in April, May, June, and July of 1995, and that he paid $906.65 a month from January of 1997 through June of 1997, and $921.76 a month from July of 1997 through April of 2001. Clearly, Holmberg's payments have not amounted to bi-weekly payments of $789.82 plus one-twenty-sixth of the taxes. As of December 15, 2001, he owed the plaintiff $214,082.23 in principal, interest, late charges, and taxes.
Holmberg has plead five special defenses. In the first special defense, Holmberg alleges that he has paid the note according to its terms. In the second special defense, he alleges that the plaintiff has failed to give proper notice of default and/or acceleration. Holmberg has not, however, presented any facts to support these claims.
In the third special defense, Holmberg alleges that the plaintiff waived its rights to declare the defendant in default and to accelerate the note. In the fourth special defense, he alleges that the plaintiff entered into a "Constructive Forbearance Agreement." In the fifth special defense, he alleges that the plaintiff is estopped from declaring the note in default. Holmberg states that the basis for these special defenses "is the conduct of the Plaintiff, through its Servicing Agent . . . and the Plaintiff's predecessor in interest. . . ." (Defendant's Brief of 5/1/02 at page 3)
Holmberg relies on the following facts: Around the time the note was assigned by People's to Ocwen, Holmberg was told by a representative of Ocwen that he should make monthly payments. In 1997, he received a letter from Ocwen indicating that his monthly payment was $921.76. After the note was again assigned, he was told to make monthly payments in the same amount as he had been paying.
"[W]aiver may be inferred from the circumstances if it is reasonable to do so." Statewide Grievance Committee v. Brown, 67 Conn. App. 183, CT Page 9265786 A.2d 1140 (2001). In light of the nonwaiver clause that is contained in the note, it is not reasonable to infer waiver. See Christensen v.Cutaia, 211 Conn. 613, 560 A.2d 456 (1989). Accordingly, there is no material issue of fact with respect to the third special defense.
The defendant's theory of a "constructive forbearance agreement" is a restatement of the waiver defense. As to the defense based on an estoppel theory, the defendant has not shown how an implied promise to reduce twenty-six payments per year of $789.82 each to twelve per year of $789.82 each was binding on the note holder in the absence of common law consideration. It is the plaintiff, not the defendant, who has suffered financial harm. Since the defendant has not suffered injury, an essential element that is necessary for the proof of this special defense is missing. See Union Carbide Corp. v. City of Danbury, 257 conn. 865, 873,778 A.2d 204 (2001).
The plaintiff has demonstrated that the pleadings, affidavits, and documents show that there is no genuine issue as to any material fact. Holmberg, on the other hand, has failed to present facts that are sufficient to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Thus, the plaintiff is entitled to judgment on liability.
The motion for summary judgment is granted.
THIM, J.