[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This subrogation action arises out of a motor vehicle accident occurring on October 2, 1999 between a 1995 Mitsubishi automobile owned by Anna London and operated by Nigel Garcia and a 1993 Mitsubishi automobile owned by defendant Jose and Soma Tones and operated by defendant Iovanna Elias. Because neither the Tones' nor Elias carried liability insurance, Safeco paid Garcia and Butler uninsured benefits and London collision benefits, which it seeks in Count One to recover from the named defendants, and in Count Two against defendant Allstate Insurance Co., which it claims had an insurance policy covering the named defendants.
Both Safeco and Allstate have filed motions for summary judgment on the Second Count, Allstate claiming it had cancelled its policy on the named defendants prior to the accident; Safeco claiming this cancellation was ineffective. Both motions are accompanied by affidavits.
It appears that Soma Tones purchased an insurance policy from Allstate on the 1993 Mitsubishi on June 18, 1997, paying $347.95 on that date under an agreement to pay monthly payments of $273.65 commencing on July 18, 1997 and on the 18th day of each succeeding month. Ms. Tones made the July payment in a timely manner, but did not mail her August payment of $274 until August 28, 1997. On August 30, Allstate sent a Notice of Cancellation to Ms. Tones to pay both the August payment and the payment due on September 18, 1997 before 12:01 a.m. on September 18, 1997. Allstate claims it received the August payment on September 1 after which it sent Ms. Tones a special notice reminding her of the payment due on September 18. When it did not receive this payment it cancelled the policy. On October 2, 1997, Ms. Tones made a payment of $274 at the office of Donald B. Honer, an Allstate agent, which payment was accepted and the policy was reinstated on October 3, 1997 with a lapsed credit of $132.90 given to Ms. Tones for the time period of cancellation, i.e. September 18, 1997 through October 2, 1997. CT Page 14327
 I.
Cancellation of a policy during the policy period due to nonpayment of the premium requires specific notice sent by registered or certified mail or by mail evidenced by a certificate of mailing at least ten days before the effective date of cancellation. General Statutes § 38-175h [now § 38a-343]. Stenson v. Northland Ins. Co., 42 Conn. App. 177, 181,678 A.2d 1000 (1996). Strict compliance by an insurer with the statutory mandates and policy provisions as to notice is essential to effect a cancellation through such notice. Travelers Ins. Co. v. Hendrickson,1 Conn. App. 409, 412, 472 A.2d 356 (1984). In its motion for summary judgment, Allstate includes an affidavit claiming that it sent notice by certified mail, but does not include a return receipt or any other evidence of mailing. Safeco filed affidavits on July 8, 2002 in which the policy holder claims that she did not receive notice from Allstate. This raises a genuine issue of material fact as to the effective date and actual receipt of the notice, sufficiently significant that neither motion for summary judgment can be granted. See, e.g., Hernandez v.Hartford Accident Indemnity Co., Superior Court, judicial district of New Haven, Docket No. CV 88 277868 (February 27, 1990, Hodgson, J.) (1 Conn.L.Rptr. 317, 318-19) (holding a policy to still be in effect when insurer provided testimony that it mailed a cancellation, but did not provide mailing certification evidence); Elstein v. Ins. Co. of NorthAmerica, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 91 0281737 (December 4, 1992, Leheny, J.) (denying summary judgment after insurer submitted a certificate of mailing since question of material fact existed as to when the plaintiff received notice of cancellation); Atwood v. Progressive Ins. Co., Superior Court, judicial district of Milford, Docket No. CV 95 0051089 (September 3, 1997,Corradino, J.) (denying summary judgment where insured denied receiving cancellation notice).
 II.
Even if Allstate had submitted proof of mailing, the issue of waiver raised by Safeco would still preclude summary judgment. Whether a waiver has occurred is a question of fact. Statewide Grievance Committee v.Brown, 67 Conn. App. 183, 188, 786 A.2d 1140 (2001), cert. denied,259 Conn. 919, 791 A.2d 568 (2002). Majernicek v. Hartford Casualty Ins.Co., 240 Conn. 86, 96, 688 A.2d 1330 (1997); Temple v. New Britain,127 Conn. 170, 175, 15 A.2d 318 (1940).
In this case. Safeco includes an affidavit which states that it was the insured's customary practice to contact the agent to confirm that CT Page 14328 delivery of a premium payment to his office would guarantee continuing coverage, and that the insured followed that customary practice prior to her delivery of payment on October 2, 1997. Safeco claims that Allstate accepted that payment on October 3, 1997 by cashing that check and has not returned any unearned premium.
"Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." Stewartv. Tunxis Service Center, 237 Conn. 71, 80-81, 676 A.2d 819 (1996). The generally accepted doctrine has been that acceptance or retention of premiums on a policy of insurance with knowledge of its breach, will constitute a waiver of the breach implied from the conduct of the insurer through the application of the principles of estoppel. Mishiloff v.American Central Ins. Co., 102 Conn. 370, 381-82, 128 A. 33 (1925). Whether Allstate had knowledge of the insured's breach and whether Allstate was waiving that breach when it accepted the insured's payment raises a second genuine issue of material fact.
Because these material questions of fact would have to be resolved by trial, both motions for summary judgment are denied.
___________________ Wagner, JTR CT Page 14329