[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Nature of Proceedings
Pursuant to Connecticut Practice Book § 2-38, the plaintiff Haldan E. Connor has filed an appeal of a reprimand issued to him by the review committee of the defendant Statewide Grievance Committee on October 6, 2000 in connection with grievance complaint no. 99-0090, Kemp v. Connor. The reviewing committee concluded by clear and convincing evidence that the plaintiff violated Rules 1.5(b), 1.8(h), and 1.16(b)[1] of the Rules of Professional Conduct. In addition to the reprimand, the plaintiff was also ordered, pursuant to Practice Book § 2-37(5) to complete a three credit course of continuing education and legal ethics within one year of the date of the decision.
The plaintiff filed a timely request for review of the decision pursuant to Practice Book Section 2-35 (g). On December 22, 2000, the Statewide Grievance Committee issued its decision, pursuant to Practice Book § 2-36 affirming the decision of the reviewing committee reprimanding the plaintiff.
On May 10, 2000, a Superior Court dismissed the plaintiff's appeal on jurisdictional grounds. Subsequently the plaintiff appealed the dismissal to the Appellate Court and that appeal in turn was removed to the Supreme Court on March 11, 2002. On June 4, 2002, the Supreme Court reversed the judgment of dismissal and remanded the case to this court for further proceedings.
II. Facts
On June 11, 1998, the complainant, a female high school teacher who was admitted to the Bar of several states was arrested for driving while intoxicated. On June 12, 1998, the complainant contacted the plaintiff, a work acquaintance, regarding legal representation. The plaintiff conducted a part-time law practice and also worked as a substitute CT Page 15897 teacher in the same high school where the complainant was employed. The plaintiff agreed to represent the complainant at no charge as long as the complainant was accepted into the alcohol education program. It appears that the complainant and the plaintiff had a personal as well as a professional relationship. The exact nature and extent of that relationship is unclear but its existence appears to have contributed to a situation which produced the alleged ethical violations.
In August of 1998, the plaintiff filed an appearance on behalf of the complainant in a dissolution of marriage action initiated by the complainant's husband. In September of 1998, the plaintiff sent the complainant a letter enclosing a retainer fee invoice for representation in the dissolution of marriage action. The retainer requested by the plaintiff pursuant to the invoice was $750.00. In October of 1998, the complainant terminated the plaintiff's representation in the dissolution matter and requested a refund of her retainer. The plaintiff responded with a letter and a bill for legal services rendered in connection with the dissolution prior to the termination.
The plaintiff claims that at the time of the DUI matter he had informed the complainant that his normal fee would have been $1,250.00. In the October 11, 1998 letter responding to the complainant's request for a refund the plaintiff stated:
 "You will recall that at the time of your DUI you offered to pay me for my representation of you in that matter. In light of your change of attitude, your offer is accepted as of the date of this letter and you will be responsible for any further legal fees incurred by me in that matter."
Subsequently the plaintiff mailed the complainant a refund check in the amount of $267.57 claiming that the sum represented the remainder of the $750.00 retainer. That check contained a restrictive endorsement which read as follows:
 "In full satisfaction and in complete release of the drawer by the payee as per the letter to payee of November 9, 1998."
The letter went on to explain the significance of a restrictive endorsement.
In April of 1999, the complainant filed a small claims action against the plaintiff regarding the amount of the refund in the dissolution CT Page 15898 action. The plaintiff filed a counterclaim against the complainant in the small claims action claiming a fee of $1,250.00 for representation in the DUI matter. Prior to filing the counterclaim, the plaintiff never provided the complainant with a written retainer agreement or bill for legal services in connection with the DUI matter.
The Statewide Grievance Committee, following the recommendation of its reviewing committee, proposed to reprimand the plaintiff for three violations. The first was a violation of Section 1.5(b) of the Cannons for failure to have a written fee agreement in connection with the DUI representation. Rule 1.5(b) states, in part,
 "Where a lawyer has not regularly represented the client, the basis or rate of the fee, whether and to what extent the client will be responsible for any court costs and expenses of litigation, and the scope of the matter to be undertaken shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation."
A reprimand was also proposed for violation of Section 1.16(d)[2] for not unequivocably refunding the unearned portion of the retainer. Rule 1.16(d) provides:
 "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of a fee that has not been earned."
Finally, Statewide Grievance proposed discipline for violation of Rule 1.8(h) because of the restricted endorsement contained on the refund check. Rule 1.8(h) provides:
 "A lawyer shall not make any agreement prospectively limiting the lawyer's liability to a client for malpractice' unless permitted by law and the client is independently represented in making the agreement or settle a claim for such liability with an unrepresented client or former client without first advising the person in writing that independent representation is appropriate in connection therewith. CT Page 15899
The plaintiff's request for review of the reviewing committee's decision complains:
 "Said decision of the reviewing committee is: a. in violation of the Rules of Practice in that the written decision was rendered more than ninety days from the date the grievance panel filed its determination of probable cause; b. made upon unlawful procedure; c. affected by other error of law; d. clearly erroneous in view of the reliable, probative and substantive evidence; e. arbitrary and capricious in light of the evidence presented to the committee."
Practice Book Rule § 2-35 (g) governs requests for reviews of reviewing committee decisions. The Practice Book Rule requires that when a request for review is submitted it should set forth "the specific basis for such claim or claims." The plaintiff makes no specific claim except with regard to the timeliness of the finding. The Statewide Grievance Committee argues that the failure to set forth specifics has waived any issues except the issue of timeliness. The question of waiver under Section 2-36 (g) of the Practice Book is an issue of first impression. Several courts had addressed the question under prior rules and somewhat different language. Those earlier cases, relying upon administrative law principle, barred the respondent from raising an issue on appeal that had not been previously raised before the reviewing committee at the hearing or in the statement in opposition to the reviewing committee's proposed decision. Statewide Grievance Committee v. Brown, 67 Conn. App. 183,187-188 (2001), cert. denied, 259 Conn. 919 (2002). Because it is not clear whether or not the lack of specification results in waiver under the present form of Practice Book § 2-35(g), the court will address each of the plaintiff's claims without regard to a possible waiver.
The hearing before the reviewing committee took place on February 2, 2000. Their decision was issued on October 6, 2000. This eight month delay is in violation of Section 51-90 (g) of the Connecticut General Statutes and of Section 2-35 of the Practice Book. However, the time limits referred to have clearly been held as directory and not mandatory. Doe v. Statewide Grievance Committee, 240 Conn. 671 (1997). In order for the plaintiff to prevail on a claim because of delay in rendering a decision he must prove that the delay in issuing the decision has prejudiced him in some manner. Statewide Grievance Committee v.Rozbicki, 211 Conn. 232, 243 (1999), U.S. cert. denied, 502 U.S. 1094. The plaintiff has made no such showing here. CT Page 15900
The plaintiff next claims that the decision was made upon unlawful procedures. He complains that at the inception of the hearing counsel to the reviewing committee gave a summary of the allegations which contained issues that the grievance panel of the judicial district of Stamford/Norwalk had found lacked probable cause. A review of the transcript, record item 23, makes it abundantly clear that reviewing committee member Attorney Margaret P. Mason, on numerous occasions, articulated the issues that were or were not before the reviewing committee. The ruling on objections on both direct and cross-examination of the plaintiff and the complainant make it clear that the committee understood the issues before them and were in no way prejudiced by a review of the underlying record.
Finally, the plaintiff appears to argue that because the complainant was a lawyer and a member of several bars she was not entitled to be treated as other clients. The plaintiff offers no authority for this proposition and the court can find none.
Conclusion
Rule 5(b) with certain exceptions, not here applicable, requires a written fee agreement and it is undisputed that the plaintiff did not have one with regard to the driving while intoxicated charge. It is uncontested that whether this representation was intended to be free of charge or, after the termination of the dissolution representation became something for which the plaintiff expected to be paid, the plaintiff never had a written fee agreement. Written fee agreements are intended to avoid exactly the type of unseemly dispute which resulted in this case. Further, the plaintiff seemed to suggest that if his representation in the driving under the influence case was free no fee agreement was required. The court sees nothing in Section 1.5(b) which supports that claim. When a lawyer has not regularly represented a client, he or she is required to set forth the basis and rate of fee. There is no reason to believe that if no fee is to be charged no written agreement is required.
Rule 1.8(h) expresses understandable concern when a lawyer is limiting his liability to his own client. To protect the client the lawyer and the profession the Rule clearly provides that any such limitation shall not be entered into without first advising the client that independent representation is appropriate. While the plaintiff may be correct in his claim that he had in several ways explained the significance of a restrictive endorsement to the complainant, there is no indication that he advised the complainant to seek independent representation concerning the restrictive endorsement. The plaintiff has cited no authority and the CT Page 15901 court can find none that suggests that Rule 1.8(h) is inapplicable because the client, although working as a high school teacher, has been admitted to the Bar.
Finally, Rule 1.16(d) clearly states that upon termination of representation a lawyer shall refund any advanced payment of a fee. There is a dispute between the parties as to how much of the $750.00 retainer had been earned at the time of the termination of representation in the dissolution matter. The plaintiff claims that an appropriate refund was $267.56. The complainant argues that at the hourly rate involved the refund should be considerably larger. The court need not resolve this dispute. No unequivocal refund in any amount was made. By placing the restrictive endorsement on the check the plaintiff, in effect, refused to make a refund except under certain limiting conditions.
The record supports the conclusion that the plaintiff offered to represent the complainant in a charge of violation of Section 14-127 (a) of the Connecticut General Statutes, that this offer was for representation free of charge but was accompanied by no written fee agreement. The complainant retained the plaintiff at least to accept service of process in the dissolution agreement and perhaps for full representation and paid a retainer of $750.00. Both the alcohol related representation and the dissolution representation appeared to have been clouded by a personal relationship between the parties. When the dissolution representation was terminated, the plaintiff attempted to charge for the previously gratuitous alcohol representation. The plaintiff refused to unequivocally return even the portion of the retainer which the plaintiff considered unearned. The plaintiff attempted to limit his liability to his client without advising his client to seek independent representation.
The complainant was trained as a lawyer and admitted to the practice of law. Civility is not enhanced when it is necessary for one lawyer to grieve another. Nevertheless, the plaintiff has clearly violated Cannon 1.5(b), Cannon 1.8(h) and Cannon 1.16(d). These Cannons were intended to prevent exactly the type of dispute which has resulted between the parties.
The decision of the Statewide Grievance Committee is affirmed in its entirety.
BY THE COURT
Kevin E. Booth, J. CT Page 15902